*MHN*

**RECEIVED**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

4-10-2009
APR 10 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ARROW FINANCIAL SERVICES LLC,            )

    Plaintiff,            )

               )

    Vs.            09cv2210

             JUDGE HIBBLER

CHRISTINE MOUSER            MAG. JUDGE VALDEZ

    Defendant.

## NOTICE OF REMOVAL
## (FEDERAL QUESTION)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that the defendant Christine Mouser hereby removes to this Court the state court action described below pursuant to 28 U.S.C. §§ 1441 and 1446.

### Case History

1. On January 22, 2009, plaintiff Arrow Financial Services, LLC ("Arrow") initiated an action in the Circuit Court of DuPage County in the State of Illinois, entitled Arrow Financial Services LLC v. Christine Mouser, Case Number 2009 SR 000179 (the "State Court Action").

2. The complaint in the State Court Action was served upon the Defendant on or about February 10, 2009.

3. Receipt by defendant, through service or otherwise, of a copy of an emended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable occurred on or about April 2, 2009. Therefore, this removal is timely under 28 U.S.C. § 1446(b).

4. A true and correct copy of the summons and complaint in the State Court Action is attached hereto as Exhibit A.

1

5. A true and correct copy of Plaintiff's Response To Motion To Dismiss is attached hereto as Exhibit B.

6. A true and correct copy of Plaintiff's Motion Seeking Leave of Court To File A Motion To Strike Defendant's Answer And Counterclaim is attached hereto as Exhibit C.

7. A true and correct copy of Plaintiff's Notice of Motion is attached hereto as Exhibit D.

8. A true and correct copy of Plaintiff's Proof of Mailing is attached hereto as Exhibit E.

9. A true and correct copy of Plaintiff's request for Affidavit of Fraud is attached hereto as exhibit F.

10. A true and correct copy of Plaintiff's Denial of Inquiry is attached hereto as Exhibit G.

11. A true and correct copy of Plaintiff's Order is attached hereto as Exhibit H.

12. Exhibits A through H constitute all process and pleadings with which Christine Mouser was served regarding the State Court Action.

13. A true and correct copy of Defendant's Notice of Motion is attached hereto as Exhibit I.

14. A true and correct copy of Defendant's Motion To Dismiss is attached hereto as Exhibit J.

15. A true and correct copy of Defendant's Answer And Counterclaim is attached hereto as Exhibit K.

16. A true and correct copy of Defendant's Dispute is attached hereto as Exhibit L.

17. A true and correct copy of Defendant's Notice of Failure To Validate is attached hereto as Exhibit M.

18. A true and correct copy of Defendant's Response is attached hereto as Exhibit N.

19. Exhibits I through N constitute all process and pleadings with which Arrow Financial Services LLC was served regarding the State Court Action.

20. The complaint in the State Court Action (hereinafter "Complaint"), alleges by and through its attorneys Melissa Nesheim (signator), Jerome E. Riley, Barbara Nilsen, and the law firm of Freedman Anselmo Lindberg and Rappe, LLC that plaintiff demanded payment of said sum at any time prior to the service of summons in this matter, and is a fraudulent purpose artfully designed to defeat removal to this court. *See* Exh. A page 2. Plaintiff has full knowledge that said statement is false and that payment of said sum was not demanded by plaintiff from defendant prior to the service of summons in this matter. Because this allegation is predicated on rights governed exclusively by federal law under Sections 1692e and 1692f of the FDCPA, it presents a federal question requiring removal of this action to this Court, and a fraudulent purpose cannot defeat removal. *Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 280-282, 38 S.Ct. 237,239 - 240 (1918) (citing, Gold Washing, etc., Co. v. Keyes, 96 U. S. 199, 1877 WL 18470 (1877)).*

21. The Complaint alleges through its attached Affidavit that the affiant has personal knowledge of the exact amount of the debt. *See* Exh. A page 3. Said affidavit was signed by plaintiff-employed legal clerk Patricia Wallace and is false. Plaintiff's own legal clerk does not have personal knowledge of defendant's indebtedness to any original creditor. Plaintiff has full knowledge that said statement is false and that affiant does not have personal knowledge of the alleged debt. The attachment of the affidavit to this complaint constitutes a fraudulent purpose artfully designed to defeat removal to this court. Because this allegation is predicated on rights governed exclusively by federal law under Sections 1692e and 1692f of the FDCPA, it presents a federal question requiring removal of this action to this Court, and a fraudulent purpose cannot defeat removal. *Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 280-282, 38 S.Ct. 237,239 - 240 (1918) (citing, Gold Washing, etc., Co. v. Keyes, 96 U. S. 199, 1877 WL 18470 (1877)).*

22. The Complaint alleges defendant is indebted to plaintiff in the sum of $8227.33 as of December 19, 2008 for a breach of contract on a credit card or other credit agreement on or about September 15, 2000. *See* Exh. A page 2. Said claim is based entirely on the Affidavit of Patricia Wallace who holds the position of Legal Clerk with plaintiff Arrow Financial Services. Because plaintiff's claim is based on nothing other than an affidavit of its own employee and an enforceable contract was not attached to the Complaint the claim is barred by absolute witness immunity and violates Sections 1692e and 1692f of the FDCPA. Because this allegation is predicated on rights governed exclusively by federal law, it presents a federal question requiring removal of this action to this Court.

23. The Complaint alleges defendant is indebted to plaintiff for interest at the statutory rate of 5% to date as of December 19, 2008 for a breach of contract on a credit card or other credit agreement pursuant to 815 ILCS 205/2. *See* Exh. A page 2. Because defendant was not served 30 days' written notice to the debtor by plaintiff in this matter, pursuant to 815 ILCS 205/2 plaintiff's State Court Claim is barred. Subject matter jurisdiction defect does not exist and The United States District Court Northern District Eastern Division has vested within authority to dismiss or remove Arrow Financial Services v. Christine Mouser upon the merits. Even in cases where jurisdiction is uncertain, courts have ruled that it is only prudent to resolve all doubts in favor of remand. *Abels v. State Farm Fire & Casualty Co., 770 F2d 26, 29 (3rd Cir. 1985); Collins v. American Red Cross,* 724 F. Supp 353, 338 (E.D. Pa. 1989). The threshold questions in this case derive from plaintiff's failure to comply with a state court rule requiring 30 days' written notice to the debtor before an assignee or agent of the creditor may charge and collect interest as provided in 815 ILCS 205/2 on behalf of a creditor.

3

24. The Complaint alleges defendant is indebted to plaintiff for interest at the statutory rate of 5% to date as of December 19, 2008 for a breach of contract on a credit card or other credit agreement and is false. *See* Exh. A page 2. Plaintiff has full knowledge that defendant was not served 30 days' written notice by plaintiff to the debtor pursuant to 815 ILCS 205/2 in this matter, and that said allegation of indebtedness for interest at the statutory rate is a fraudulent purpose artfully designed to defeat removal to this court. Because this allegation is predicated on rights governed exclusively by federal law under Sections 1692e and 1692f of the FDCPA, it presents a federal question requiring removal of this action to this Court, and a fraudulent purpose cannot defeat removal. *Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 280-282, 38 S.Ct. 237, 239 - 240 (1918) (citing, Gold Washing, etc., Co. v. Keyes, 96 U. S. 199, 1877 WL 18470 (1877)).*

25. The Complaint alleges through its attached Affidavit that defendant is indebted to plaintiff for interest at the statutory rate of 5% to date as of December 19, 2008 for a breach of contract on a credit card or other credit agreement and is false. *See* Exh. A page 3. Plaintiff has full knowledge that defendant was not served 30 days' written notice by plaintiff to the debtor pursuant to 815 ILCS 205/2 in this matter, and that said allegation of indebtedness for interest at the statutory rate is false. The attachment of the affidavit to this complaint constitutes a fraudulent purpose artfully designed to defeat removal to this court. Because this allegation is predicated on rights governed exclusively by federal law under Sections 1692e and 1692f of the FDCPA, it presents a federal question requiring removal of this action to this Court, and a fraudulent purpose cannot defeat removal. *Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 280-282, 38 S.Ct. 237, 239 - 240 (1918) (citing, Gold Washing, etc., Co. v. Keyes, 96 U. S. 199, 1877 WL 18470 (1877)).*

**Removal Jurisdiction**

26. Christine Mouser hereby removes this action to the United States District Court for the District and Division in which the action is now pending, specifically, the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1441. Removal based on federal question jurisdiction.

27. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1357, because the complaint alleges a breach of contract on a credit card or other credit agreement where plaintiff has through fraudulent purpose decided to willfully fail to validate the amount in controversy and to seek to obtain a judgment against defendant for said amount through its State Court Action.

4

28. Defendant maintains that plaintiff's actions are barred by the Illinois Litigation Privilege. "A state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action." *Steffes v. Stephan Co., 144 F.3d 1070, 1074 (7th Cir. 1998)(citing Kimes v. Stone, 84 F.3d 1121, 1127 (9th Cir. 1996)); see also Gray-Mapp v. Sherman, 100 F. Supp. 2d 810, 812 (N.D. Ill. 1999)*(refusing to apply Illinois' litigation privilege to FDCPA claims). Because Defendant asserts federal rather than state law claims, Defendant's claims arising under the FDCPA are not barred by the Illinois Litigation Privilege.

29. Recent unconstitutional rulings and proceedings of the State Court ensure that a fair trial and justice will be denied and that the Bill of Rights will be violated to the extent that defendant is essentially barred from her legitimated Fair Debt Collection Practices Act defenses and protections and encumbered by lack of provision of evidence that is exculpatory, all of which are federal rights including the denial of:

A. Due process at hearing (Judge Abraham refused to enforce defendant's request for debt validation or to grant defendant's Motion To Dismiss which cites plaintiff's noncompliant FDCPA debt collection activities in relation to an invalid debt that has been disputed), Plaintiff has failed to produce the following documentation given several certified written and verbal requests:

    i.    The complete payment history, the requirement of which has been established via Spears v Brennan 745 N.E.2d 862; 2001 Ind. App. LEXIS 509;

    ii.    Agreement that bears the signature of the alleged debtor wherein he agreed to pay the creditor;

    iii.    Letter of sale or assignment from the original creditor to Plaintiff established via Coppola v. Arrow Financial Services, 302CV577, 2002 WL 32173704 (D.Conn., Oct. 29, 2002) that specifies the source of the debt, the amount debt buyer paid for plaintiff's debt, and how said amount was calculated. where an issue a list of reports to credit bureaus, and documents conferring authority on defendant to collect debt;

    iv.    Intimate knowledge of the creation of the debt by plaintiff;

    v.    A list of reports to credit bureaus; and

    vi.    Documents conferring authority on plaintiff to collect debt.

B. Right to prompt justice, (right to speedy trial violated by Judge Abraham's given the lack of evidence);

C. Defendant is continually required to report for status hearings to avoid a judgment finding by default in favor of plaintiff;

5

      D.  Right to be free of prosecution by a court without jurisdiction when plaintiff fails to validate
         the debt;

      E.  Right to present a defense (Court has asked plaintiff to obtain a Fraud Affidavit from
         defendant requiring transfer of defendants personal information to plaintiff, Court has not
         asked plaintiff to provide defendant with a validation of the alleged debt).

30. This Court has supplemental jurisdiction over Defendant's Counterclaim in that Plaintiff violated

    A.  § 1692c(C) (1,2 and 3) of the FDCPA by failing to notify the consumer upon written notice
       from the consumer of its refusal to pay the debt, that

          i.    debt collector's further efforts are being terminated; or

          ii.   debt collector or creditor may invoke specified remedies which are ordinarily
                invoked by such debt collector or creditor; or

          iii.   debt collector or creditor intends to invoke a specified remedy, where applicable.
                Such notice from the consumer was made by US certified mail therefore
                notification was completed upon receipt. *See* Exh. L.

    B.  § 1692e(2)(A) of the FDCPA by falsely representing the amount of the character of the debt
       because Defendant does not owe the debt that Plaintiff is attempting to collect.

    C.  § 1692e(2)(A) of the FDCPA by falsely representing the amount of the character of the debt
       to the extent that a substantial portion of the amount represented as the principal balance also
       consists of interest, finance charges, and fees imposed by the original creditor; therefore
       Arrow Financial Services  and its legal clerk Patricia Wallace mischaracterized the portion of
       the debt pertaining to the principal.

    D.  § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person
       credit information which is known or which should be known to be false, including the
       failure to communicate that the disputed debt is disputed.

    E.  § 1692e(10) of the FDCPA by using false representations and deceptive means in an attempt
       to collect a debt because Defendant does not owe the debt Plaintiff is attempting to collect.

    F.  § 1692f(a)(1) of the FDCPA attempting to collect any amount from Defendant (including and
       interest, fee, charge, or expense identical to the principal obligation) because such an amount
       is not expressly permitted by law because Defendant does not owe the debt.

    G.  §1692g(a)(1-5) by failing to provide appropriate notice of the debt within days after the initial
       communication including: (1) the amount of the debt; (2) the name of the creditor to whom
       the debt is owed; (3) a statement that unless the consumer, within 30 days of receipt of the
       notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be
       valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in

writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of verification or judgment will be mailed to the consumer by the debt collector; and(5) a statement that, upon the consumer's written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

H. § 1357 as a direct and proximate result of one or more or all of the statutory violations above Defendant has suffered emotional distress. *See* attachment 4 of Exh. K.

I. § 1357 Defendant was harmed by the state court filings and repeated attempts by Plaintiff and its Attorneys to pursue debt collection activities in the absence of a validated debt.

31. This Court has supplemental jurisdiction over Defendant's Third Party Complaint against Plaintiff's Attorneys Freedman Anselmo Lindberg and Rappe LLC, Louis Freedman, Melissa Nesheim, Jerome E. Riley, and Barbara Nilsen.

A. "A debt collection letter on an attorney's letterhead conveys authority and credibility." Crossley v. Lieberman 868 F.2d 566, 570 (3d Cir.1989). Defendant received a communication on the Freedman Anselmo Lindberg and Rappe LLC letterhead of Plaintiff's attorney conveying authority and credibility dated March 30, 2009. Said communication bares the facsimile signature of Louis Freedman Attorney for Plaintiff. *See page 1 of exhibit F.*

B. "there will be few, if any, cases in which a mass-produced collection letter bearing the facsimile of an attorney's signature will comply with the restrictions imposed by section 1692e." *Avila, 84 F.3d at 228*. Defendant received a communication on the Freedman Anselmo Lindberg and Rappe LLC letterhead of Plaintiff's attorney bearing a facsimile of an attorney's signature dated March 30, 2009. Said communication bares the facsimile signature of Louis Freedman Attorney for Plaintiff. *See page 1 of exhibit F.*

C. Unless the attorney has in fact reviewed the debtor's file and made a professional judgment that whatever action is threatened is appropriate, and the threatened action has been authorized by the creditor, the use of such letters is a violation of § 1692e(3), which prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." *Clomon v. Jackson, 988 F.2d 1314, 1321 (2d Cir. 1993); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996); Nielsen v. Dickerson, 307 F.3d 623 (7thCir. 2002); United States v. National Financial Services, Inc., 98 F.3d 131 (4th Cir. 1996);Taylor v. Perrin, Landry, DeLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997); Bitah*

7

*v Global Collection Servs., 968 F.Supp. 618 (DNM 1997); Masuda v. Thomas Richards & Co., 759 F.Supp 1456, 1461-2 (C.D.Cal. 1991)*

    i.   Defendant received a communication on the Freedman Anselmo Lindberg and Rappe LLC letterhead of Plaintiff's attorney conveying the false representation or implication that any individual is an attorney or that any communication is from an attorney dated March 30, 2009. Said communication bares the facsimile signature of Louis Freedman Attorney for Plaintiff. *See page 1 of exhibit F.*

    ii.   Defendant was served with a summons and small claims complaint on or about February 10, 2009 baring the name of Freedman Anselmo Lindberg and Rappe LLC Attorneys for Plaintiff on or about February 10, 2009. No underlying contractual agreement was attached to said complaint which was based solely on the affidavit of Plaintiff's employee Patricia Wallace. *See exhibit A.*

    iii.   Defendant was served with a summons and small claims complaint on or about February 10, 2009 baring the name of Jerome E. Riley Attorney for Plaintiff on or about February 10, 2009. No underlying contractual agreement was attached to said complaint which was based solely on the affidavit of Plaintiff's employee Patricia Wallace. *See exhibit A.*

    iv.   Defendant was served with a summons and small claims complaint on or about February 10, 2009 baring the name of Barbara Nilsen Attorney for Plaintiff on or about February 10, 2009. No underlying contractual agreement was attached to said complaint which was based solely on the affidavit of Plaintiff's employee Patricia Wallace. *See exhibit A.*

D.   ("the attorney must have sufficient information to satisfy himself that it is proper to send the dunning letter, i.e., he must investigate the merits of the claim before making a demand for payment . . . the attorney must have the file for review to determine the merits of the claim, as well as the limits of his authority"); *Federal Trade Commission, Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50,097, at 50,105 (1988)* In lieu of a dunning letter from Plaintiff Defendant was served with a summons and small claims complaint signed by Melissa Nesheim Attorney for Plaintiff based solely on the affidavit of Plaintiff's employee Patricia Wallace on or about February 10, 2009. No underlying contractual agreement was attached to said complaint. Said small claims complaint also bares the names of Jerome E. Riley, Barbra Nilsen, and the law firm Freedman Anselmo Lindberg and Rappe LLC Attorneys for Plaintiff. *See exhibit A.*

E. ("a debt collector may not send a computer-generated letter deceptively using an attorney's name"). *Federal Trade Commission, Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50,097, at 50,105(1988)* Defendant received a communication on the Freedman Anselmo Lindberg and Rappe LLC letterhead bearing the facsimile signature of Louis Freedman Attorney for Plaintiff dated March 30, 2009. *See page 1 of exhibit F.*

F. "[A]n attorney sending dunning letters must be directly personally involved in the mailing of letters in order to comply with the strictures of the FDCPA. In lieu of a dunning notice from Plaintiff, Defendant was served with a summons and small claims complaint signed by Melissa Nesheim Attorney for Plaintiff based solely on the affidavit of Plaintiff's employee Patricia Wallace on or about February 10, 2009. No underlying contractual agreement was attached to said complaint. Said small claims complaint also bares the names of Jerome E. Riley, Barbra Nilsen, and the law firm Freedman Anselmo Lindberg and Rappe LLC Attorneys for Plaintiff. *See exhibit A.*

32. Promptly after filing this Notice of Removal, Defendant will serve a copy of it upon Plaintiff and will file a copy with the Clerk of the Circuit Court of DuPage County in the State of Illinois.

33. This action is properly removed to this Court under 28 U.S.C. § 1446(a) because the State Court Action is pending in DuPage County, Illinois, which lies within this District and Division.

Dated: April 10, 2009

By: Christine M. Mouser

Christine M. Mouser
5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

9

## CERTIFICATE OF SERVICE

The undersigned states that on April 10, 2009, she caused a copy of the foregoing **Notice of Removal** by sending it this day as follows:

VIA CERTIFIED U.S. MAIL and ELECTRONIC FILING
Clerk of the Circuit Court
18th Judicial Circuit Court
505 N. County Farm Road
Wheaton, Illinois 60187-0707

VIA CERTIFIED U.S. MAIL
Melissa Nesheim
Jerome E. Riley
Barbara Nilsen
Louis Freedman
Attorneys for Plaintiff
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228
Naperville, IL 60566-7228

Dated: April 10, 2009                                       By: Christine M. Mouser

04/10/09

Christine M. Mouser
5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

10

STATE OF ILLINOIS                                                                     COUNTY OF DUPAGE

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN THE NAME OF THE PEOPLE OF THE STATE OF ILLINOIS

07102377
ARROW FINANCIAL SERVICES LLC

                    Plaintiff        Vs.

CHRISTINE MOUSER

                    Defendant(s).

**2009SR000179**

CASE NO.

RETURN DATE: 3/2/2009

Amount Claimed: $8227.33

PLEASE SERVE AT:

CHRISTINE MOUSER
5604 CLARENDON HILLS RD
CLARENDON HILLS IL 60514-1536

# SUMMONS

(file stamp here)

TO:

To each defendant:

You are hereby summoned and required to appear before this Court at the DuPage County Judicial Center,
505 N. County Farm Road, Wheaton, Illinois in Courtroom 2000 at 9:00 a.m. on 3/2/2009, to answer the complaint
of the plaintiffs, a copy of which is attached.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU
FOR THE RELIEF ASKED IN THE COMPLAINT.**

R E T U R N . This summons may not be served later than three (3) days before the day of appearance.

WITNESS:     Chris Kachiroubas Clerk of the Eighteenth Judicial Circuit
             Court, and the seal thereof Wheaton, Illinois JAN 2 2 2009
             Dated: _____ **CHRIS KACHIROUBAS Circuit Court Clerk**

NOTICE TO PLAINTIFF:                                          Clerk of the Eighteenth Judicial Circuit

If you fail to appear on the day set for return shown above the case will be dismissed for want of prosecution.

**To the Officer:**

This summons must be returned by the officer or
other person to whom it was given for service,
with endorsement of service and fees, if any,
immediately after service and not less than
three days before the date of appearance.
If service cannot be made, this summons shall
be returned so endorsed.

Melissa Nesheim
Attorney for Plaintiff
Attorney No. 42005
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228
Naperville, IL 60566-7228
630/983-0770 Fax No. (630) 983-1487

**NOTICE TO PLAINTIFF or PLAINTIFF'S ATTORNEY:**

When preparing the above SUMMONS, you will insert a return day not less than 14 nor more than 40 days after the date
of issuance; said return day to be any weekday, Monday through Friday inclusive, except a legal holiday.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

CF 89-21

CHRIS KACHIROUBAS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60187 - 0707                              P018SR

*Exhibit A pg 1*




Complaint Small Claims                                                            81-310

UNITED STATES OF AMERICA

STATE OF ILLINOIS                                                    DUPAGE COUNTY
IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT

07102377

ARROW FINANCIAL SERVICES LLC                    )
                                                )
                                                ) 2009SR000179    **FILED**
                                                )                 Jan 22 2009 - 14:16 PM
                           Plaintiff,           ) Assigned To: 2000
                                        v.      ) CASE NO.        _Chas Kishuuba_
CHRISTINE MOUSER                                )
                                                )                 CLERK OF THE
                                                )                 18TH JUDICIAL CIRCUIT
                                                )                 DU PAGE COUNTY ILLINOIS
                                                )
                                                )
                           Defendant(s)         )   (File Stamp Here)

# SMALL CLAIMS COMPLAINT

I, the undersigned, being duly sworn upon oath deposes and claim that the defendant(s) is/are
indebted to the plaintiff(s) in the sum of $8,227.33 as of December 19, 2008 for breach of contract on
a credit card or other credit agreement on or about September 15, 2000, plus interest at the statutory rate
of 5% to date pursuant to 815 ILCS 205/2, and that the plaintiff(s) ARROW FINANCIAL SERVICES
LLC    has/have demanded payment of said sum; that the defendant(s) CHRISTINE MOUSER
reside(s) at 5604 CLARENDON HILLS RD, CLARENDON HILLS IL 60514-1536 ; that the
plaintiff(s) ARROW FINANCIAL SERVICES LLC    reside(s) at 5996 West Touhy Ave., Niles, IL
60714. Plaintiff acquired on December 20, 2006 for a valuable consideration, all right, title and interest
in the account heretofore stated originally owed by Defendant(s) to WASHINGTON MUTUAL BANK.
Plaintiff seeks judgment for the amount claimed above plus costs of this action.

_____
Signature for the Plaintiff or Attorney for Plaintiff

Melissa Nesheim, Jerome E. Riley, Barbara Nilsen
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228 Naperville, IL 60566-7228  ·
630/983-0770   Fax No. 630-428-4610
Attorney No. Dupage 42005 Kane 031-26104
            Peoria 1794 Winnebago 3802  IL 03126232
P0023PN
CF 89-29

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Exhibit A pg 2

07102377

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

YOUR FILE NO.
36400133

| | |
|---|---|
| ARROW FINANCIAL SERVICES LLC | ] |
| | ] |
| | ] |
| | ] |
| Plaintiff, | ] |
| v. | ] CASE NO. |
| CHRISTINE MOUSER | ] |
| | ] |
| | ] |
| | ] |
| Defendant. | ] |

# A F F I D A V I T

I, _P. Wallace_____, being first duly sworn, depose and say that I have personal knowledge of the facts hereinafter said forth based upon Arrow Financial Services LLC records as well as the account information supplied to Arrow Financial Services LLC by plaintiff's assignor and that if sworn as a witness I can testify competently thereto:

1. That I hold the position of _Legal Clerk_ with Arrow Financial Services, LLC incorporated under the laws of the State of _DELAWARE_ ;

2. I have knowledge of an account in favor of ARROW FINANCIAL SERVICES LLC and against CHRISTINE MOUSER which Arrow Financial Services purchased from WASHINGTON MUTUAL BANK with a total current balance due of $8,047.45 as of June 26, 2008; plus interest at 5%, pursuant to 815 ILCS 205/2 from the aforesaid date; until paid is with my knowledge true and correct, after all credits due the defendant, and that upon information and belief all services were rendered and/or goods were sold and delivered or that the defendant(s) are in breach of the repayment terms as per any and all agreements between the aforementioned parties.

"OFFICIAL SEAL"
Jacqueline Younan
Notary Public, State of Illinois
Commission Expires 4/29/2012

SIGNED AND SWORN
TO BEFORE ME THIS DATE

07.14.2008

_Patricia Wallace_
SIGNATURE

_Patricia Wallace_
PRINTED

NOTARY PUBLIC

F002ARR

Exhibit A pg 3

DUPAGE COUNTY, ILLINOIS

07102377

ARROW FINANCIAL SERVICES LLC    )
                                )
                                )
                                )
        Plaintiff,              )
                                )    CASE
                    v.          )    NO.  09SR 00179
CHRISTINE MOUSER                )
                                )
        Defendant.              )

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

NOW COMES the captioned plaintiff by and through their attorneys, Freedman Anselmo Lindberg & Rappe LLC., f/k/a Freedman Anselmo Lindberg and Rappe, and in response to the defendants motion to dismiss states as follows:

1.    The defendant has filed what she has entitled a motion to dismiss which does not indicate which section of the Code of Civil Procedures the defendant is seeking to proceed.

2.    The defendants motion also seems to be setting forth defenses of some sort claiming that the plaintiff has not obtained verification of the debt.

3.    The defendant also claims that there is a dispute and sets forth in paragraph 4 of the motion a section of the Fair Debt Collection Practices Act.

4.    Beyond the defendant failing to request leave of court to file the motion and setting forth the proper sections under which to proceed, the motion does not even set forth a valid basis to dismiss.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

Exhibit B pg 1

WHEREFORE, plaintiff prays that this honorable court deny the defendants motion and for any additional relief the court shall deem appropriate.

_____

One of the Attorneys for Plaintiff

Jerome E. Riley
Freedman Anselmo Lindberg & Rappe LLC
P. O. Box 3228
Naperville, IL  60566-7228
630/983-0770
Fax No. 630-983-3726
Attorney No.  Cook 26122  Dupage 42005  Kane 031-26104
              Peoria 1794  Winnebago 3802  IL 03126232
DL301

THIS COMMUNICATION IS FROM A DEBT COLLECTOR  Exhibit B pg 2

**IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT**
**DUPAGE COUNTY, ILLINOIS**

07102377

| | |
|---|---|
| ARROW FINANCIAL SERVICES LLC | ] |
| | ] |
| | ] |
| | ] |
| Plaintiff, | ] |
| | ] CASE |
| v. | ] NO. 09SR 00179 |
| CHRISTINE MOUSER | ] |
| | ] |
| Defendant. | ] |

## PLAINTIFF'S MOTION SEEKING LEAVE TO FILE A MOTION TO STRIKE DEFENDANTS ANSWER AND COUNTERCLAIM

NOW COMES the captioned plaintiff by and through their attorneys, Freedman Anselmo Lindberg & Rappe LLC., f/k/a Freedman Anselmo Lindberg and Rappe, and requests leave of court to file a motion to strike the defendants answer and counterclaim in accordance with Illinois Supreme Court Rule 287(b) and Illinois Code of Civil Procedure 5/2-615. In support of which, plaintiff states as follows:

1. This matter is a small claim and under Illinois Supreme Court Rule 287(B) requires leave of court to file a motion for leave to strike in accordance with Illinois Code of Civil Procedure 5/2-615.

2. Substantively the defendant has filed what she calls an answer and in response to paragraph 1 answers that she denies. Then in sub paragraphs "a" and "b" she sets forth what appears to be separate defenses. Under ILCS 5/2-603(b) these must be plead separately.

3. With regard to the counterclaim, the defendant sets forth statutory sections of the Fair Debt Collection Practices Act and makes conclusions that they have been violated without setting forth specific facts. Further, as part as the purported factual allegations the defendant references a notice of motion to dismiss.

4. Based on the "counterclaim" as presently set forth it does not plead a proper cause of action and should be stricken.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR          *Exhibit C pg 1*

WHEREFORE, plaintiff respectfully prays and requests leave and time to file a motion to strike the answer and affirmative defenses and for any additional relief the court shall deem appropriate.

_____
One of the Attorneys for Plaintiff

Jerome E. Riley
Freedman Anselmo Lindberg & Rappe LLC
P. O. Box 3228
Naperville, IL  60566-7228
630/983-0770
Fax No. 630-983-3726
Attorney No.  Cook 26122  Dupage 42005  Kane 031-26104
              Peoria 1794  Winnebago 3802  IL 03126232
DL301

THIS COMMUNICATION IS FROM A DEBT COLLECTOR  Exhibit C pg 2

Notice of Motion ·                                             AD 169 (Rev.7/84)

## UNITED STATES OF AMERICA

STATE OF ILLINOIS                                     COUNTY OF DUPAGE

### IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

07102377
ARROW FINANCIAL SERVICES LLC

         Plaintiffs             Case No. 09SR 00179

           vs-

CHRISTINE MOUSER

         Defendants(s)

[ File Stamp Here ]

## NOTICE OF MOTION

To:

       CHRISTINE MOUSER
       5604 CLARENDON HILLS RD
       CLARENDON HILLS IL 60514-1536

       You are notified that on April 13, 2009, at 8:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Presiding Judge in Court Room No.2000, or any other judge as may be holding court in his absence, in the court room usually occupied by him in the DuPage County Building, 505 North County Farm Road, Wheaton, Illinois and then and there move to present the attached motion or order at which time and place you may appear as you see fit to do.

Jerome E Riley                                    One of the Attorneys for Plaintiff
Freedman Anselmo Lindberg & Rappe LLC               Attorney No. 42005
P. O. Box 3228                   630/983-0770   Fax No. 630-983-3726
Naperville, IL   60566-7228      **PROOF OF SERVICE**                 P241

       On March 17, 2009, I, Jerome E. Riley, on oath state that I served this notice by mailing a copy to each person to whom it is directed and depositing the same in the U. S. Mail at Naperville, Illinois, with the proper postage prepaid.

### CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
### WHEATON, ILLINOIS 60189-0707

       "This communication is from a debt collector"

                                                                     Exhibit D

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

07102377

| | |
|---|---|
| ARROW FINANCIAL SERVICES LLC | ] |
| | ] |
| | ] |
| | ] |
| | ] |
| Plaintiff, | ] CASE |
| v. | ] NO. 09SR 00179 |
| CHRISTINE MOUSER | ] |
| | ] |
| | ] |
| | ] |
| | ] |
| Defendant. | ] |

# PROOF OF MAILING

TO:    CHRISTINE MOUSER
       5604 CLARENDON HILLS RD
       CLARENDON HILLS IL 60514-1536


THE UNDERSIGNED, being first duly sworn on oath, deposes and says that he served a copy of the Response to Motion to Dismiss, upon the above named party(ies) by enclosing such copy in a stamped, addressed envelope to said party(ies) and depositing same in the U.S. mail located in Naperville, Illinois, on March 16, 2009.

_____

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____

Jerome E. Riley                                                One of the Attorneys for Plaintiff
Freedman Anselmo Lindberg & Rappe LLC                          630/983-0770
P. O. Box 3228  Naperville, IL  60566-7228                     Fax No. 630-983-3726
Attorney No.  Cook 26122  Dupage 42005  Kane 031-26104
          Peoria 1794  Winnebago 3802  IL 03126232


                                                               P79D1


"This communication is from a debt collector"

Exhibit E

# FREEDMAN ANSELMO LINDBERG & RAPPE LLC

1807 WEST DIEHL ROAD SUITE 333 P.O. BOX 3228
NAPERVILLE, ILLINOIS 60566-7228
TOLL FREE (877) 729-6734 FAX (630) 983-1487

Louis S. Freedman

PLEASE REFER TO FILE NO.:
07102377

March 30, 2009

CHRISTINE MOUSER
5604 CLARENDON HILLS RD
CLARENDON HILLS IL 60514-1536

RE:     ARROW FINANCIAL SERVICES LLC

Dear Sir or Madam:

As you know, this office represents the interests of the captioned creditor as their debt collector.
Pursuant to your recent communication with our office wherein you indicated that the signature on
the responsible document was not yours, I enclose an Affidavit of Fraud which we ask that you
complete, execute and have notarized, and return to our office so that we may review the allegations
of fraud with our client.  In further support, I ask that you supply us with the following additional
documentation:

1.   Copy of Current Driver's License or State ID
2.   Other document(s) containing your official signature.
3.   Copy of an official valid report filed with a Federal, State, or local
     enforcement agency, which subjects you to criminal penalties for
     making a false report.

After review of all of these documents, my client will make a determination as how to proceed and
we will contact you with the results accordingly. FAILURE TO SUPPLY THE OFFICIAL REPORT
AND TO NOTARIZE THE AFFIDAVIT WILL DELAY ANY DECISION OF FRAUD AND MAY
CAUSE A REJECTION OF YOUR CLAIM.

Please contact this office if you have any questions or need assistance or wish to further discuss this
matter.

Very truly yours,
FREEDMAN ANSELMO LINDBERG & RAPPE LLC

Louis S. Freedman
CY/D045D1-1
Enclosure

Exhibit F pg 1

## INSTRUCTIONS FOR COMPLETING THE ID THEFT AFFIDAVIT

To make certain that you do not become responsible for the debts incurred by the identity thief, you must provide proof that you didn't create the debt to each of the companies where accounts were opened or used in your name.

A working group composed of credit grantors, consumer advocates and the Federal Trade Commission (FTC) developed this ID Theft Affidavit to help you report information to many companies using just one standard form.

You can use this affidavit where a new account was opened in your name. The information will enable the companies to investigate the fraud and decide the outcome of your claim.

When you send the affidavit to the us, attach copies (NOT originals) of any supporting documents (for example, driver's license, police report) you have. Before submitting your affidavit, review the disputed account(s) with family members or friends who may have information about the account(s) or access to them.

Complete this affidavit as soon as possible. Delaying could slow the investigation.

Be as accurate and complete as possible. You may choose not to provide some of the information requested. However, incorrect or incomplete information will slow the process of investigating your claim and absolving the debt. Please print clearly. Keep a copy of everything you submit for your records.

If you cannot complete the affidavit, a legal guardian or someone with power of attorney may complete it for you. Except as noted, the information you provide will be used only by the company to process your affidavit, investigate the events you report and help stop further fraud.

Completing this affidavit does not guarantee that the identity thief will be prosecuted or that the debt will be cleared.

If you haven't already done so, report the fraud to the following organizations:

1.     Each of the three national consumer reporting agencies. Ask each agency to place a "fraud alert" on your credit report, and send you a copy of your credit file. When you have completed your affidavit packet, you may want to send them a copy to help them investigate the disputed accounts.

Equifax Credit Information Services, Inc.
(800) 525-6285/ TDD 1-800-255-0056 and ask the operator to call the Auto Disclosure Line at 1-800-685-1111 to obtain a copy of your report.
P.O. Box 740241, Atlanta, GA 30374-0241
www.equifax.com

Exhibit F pg 2

Experian Information Solutions, Inc.
(888) 397-3742/ TDD (800) 972-0322
P.O. Box 9532, Allen, TX 75013
www.experian.com

TransUnion
(800) 680-7289/ TDD (877) 553-7803
Fraud Victim Assistance Division
P.O. Box 6790, Fullerton, CA 92834-6790
www.transunion.com

2.     Your local police department. Ask the officer to take a report and give you a copy of the report. Sending a copy of your police report to financial institutions can speed up the process of absolving you of wrongful debts or removing inaccurate information from your credit reports. If you can't get a copy, at least get the number of the report.

3.     The FTC, which maintains the Identity Theft Data Clearinghouse — the federal government's centralized identity theft complaint database — and provides information to identity theft victims. You can visit www.consumer.gov/idtheft or call toll-free 1-877-ID-THEFT (1-877-438-4338).

The FTC collects complaints from identity theft victims and shares their information with law enforcement agencies nationwide. This information also may be shared with other government agencies, consumer reporting agencies, and companies where the fraud was perpetrated to help resolve identity theft-related problems.

Exhibit F pg 3

SIGNATURE

I declare under penalty of perjury that the information I have provided in this affidavit is true and correct to the best of my knowledge.

_____
(signature)

_____
(date signed)

**Knowingly submitting false information on this form could subject you to criminal prosecution for perjury.**

_____
(Notary)

[Check with each company. Creditors sometimes require notarization. If they do not, please have one witness (non-relative) sign below that you completed and signed this affidavit.]

Witness:
_____
(signature)

_____
(printed name)

_____
(date)

_____
(telephone number)

Exhibit F pg 7



**FREEDMAN ANSELMO LINDBERG & RAPPE LLC**
1807 WEST DIEHL ROAD  SUITE 333  P.O. BOX 3228
NAPERVILLE, ILLINOIS  60566-7228
(630) 983-0770  FAX (630) 983-1487
TOLL FREE (877) 729-6734

Louis S. Freedman

PLEASE REFER TO FILE NO.:
**07102377**

February 26, 2009

CHRISTINE MOUSER
5604 CLARENDON HILLS RD
CLARENDON HILLS IL 60514-1536


RE:   ARROW FINANCIAL SERVICES LLC

Dear Sir or Madam:

As you know this office represents the interests of the captioned creditor as their debt collector.

In response to your communication of February 18, 2009, please note that our office does not report to credit reporting agencies, and performs no hard inquiries onto your credit history.  If you can provide the undersigned with some proof of the inquiry, we will be more than happy to address same, both with you as well as with any credit reporting agency.

I await your response.

Very truly yours,
FREEDMAN ANSELMO LINDBERG & RAPPE LLC

Louis S. Freedman
MCI/DL310D1


"This communication is from a debt collector"

*Exhibit G*

ORDER                                                              2276 (Rev. 05/02)

## UNITED STATES OF AMERICA

STATE OF ILLINOIS                                          COUNTY OF DUPAGE

### IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

07102377
ARROW FINANCIAL SERVICES LLC

-vs-                          CASE NO.
                              09SR 00179
CHRISTINE MOUSER

                                                             File Stamp Here

Defendant Appearing [ ] Yes [ ] No

## ORDER

**THIS MATTER** having come before the Court for Status report, the Court having jurisdiction and being full advised in the premises:

❑   **IT IS ORDERED** that this cause be and is hereby dismissed for want of prosecution. (Code 1790)

❑   **DEFENDANT'S** granted _____ days to file an appearance and answer or otherwise plead.

☒   IT IS ORDERED that this cause be and is hereby set for status review on 4/13/09
    at 9:00 (a.m. / p.m. in Courtroom No. 2000 (Code 1640)

❑   **IT IS ORDERED** that this cause be and is hereby set for Prove-up on _____
    at _____ a.m. / p.m. in Courtroom No. _____ (Code 1640)

❑   **IT IS ORDERED** that this cause be and is hereby set for Pre-Trial Conference on _____
    at _____ a.m. / p.m. in Courtroom No. _____ (Code 1640)

❑   **IT IS ORDERED** that this cause be and is hereby set for Bench Trial on _____
    at _____ a.m. / p.m. in Courtroom No. _____ (Code 1640)

❑   **IT IS ORDERED** that this cause be and is hereby set for Jury Trial on _____
    at _____ a.m. / p.m. in Courtroom No. _____ (Code 1640)

❑   **IT IS ORDERED** that this cause be and is hereby set for hearing on motion on _____
    at _____ a.m. / p.m. in Courtroom No. _____ (Code 1640)

Louis S. Freedman                          ENTER:
Atty. No. 42005
Attorney for PLAINTIFF
Freedman Anselmo Lindberg & Rappe LLC      _____
P. O. Box 3228   Naperville, IL  60566-7228            JUDGE
630/983-0770   Fax No. 630-983-3726        Date: 3/23/09
P248-2

### CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
### WHEATON, ILLINOIS 60189-0707

Exhibit H

UNITED STATES OF AMERICA
STATE OF ILLINOIS                                    DUPAGE COUNTY
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

07102377
ARROW FINANCIAL SERVICES, LLC          ]
                                       ]
                                       ]
                                       ]          CASE NO.
                  Plaintiff,           ]
                              v.       ]          **2009SR000179**
                                       ]
                                       ]
                                       ]
CHRISTINE MOUSER                       ]
                                       ]
                                       ]
                                       ]
                  Defendant            ]

## NOTICE OF MOTION

Please take note that on Monday, March 2, 2009, at 9:00 a. m., or as soon thereafter as counsel

may be heard, we shall appear before the Court at the DuPage County Judicial Center, 505 N. County Farm

Road, Wheaton, IL in Courtroom 2000 and shall then there present **Motion to Dismiss**, a copy of which is

submitted herewith.

Dated: February 10, 2009

_(signature)_ 2/10/09                          By: Christine M. Mouser

Christine M. Mouser
5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

Exhibit I pg 1

## CERTIFICATE OF SERVICE

The undersigned states that on February 10, 2009, she caused a copy of the foregoing **Notice of Motion** by sending it this day as follows:

VIA CERTIFIED U.S. MAIL and ELECTRONIC FILING

Clerk of the Circuit Court
18th Judicial Circuit Court
505 N. County Farm Road
Wheaton, Illinois 60187-0707

VIA CERTIFIED U.S. MAIL

Melissa Nesheim
Attorney for Plaintiff
Attorney No. 42005
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228
Naperville, IL 60566-7228

Dated: February 10, 2009                                     By: <u>Christine M. Mouser</u>

Christine M. Mouser
5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

Exhibit I pg 2

UNITED STATES OF AMERICA

**STATE OF ILLINOIS**             **DUPAGE COUNTY**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

07102377

| | | |
|---|---|---|
| ARROW FINANCIAL SERVICES, LLC | ] | |
| | ] | |
| | ] | CASE NO. |
| Plaintiff, | ] | |
| v. | ] | **2009SR000179** |
| | ] | |
| | ] | |
| CHRISTINE MOUSER | ] | |
| | ] | |
| | ] | |
| Defendant | ] | |

<u>**MOTION TO DISMISS**</u>

For the reasons discussed below, Christine Mouser respectfully requests that the court grant the Defendant's **Motion To Dismiss** because

(1.)     The Defendant has disputed the debt contained in Plaintiff's **Small Claims Complaint** dated January 22, 2009 (<u>See</u> Attachment 1) in writing (<u>See</u> Attachment 2) within 30 days of receipt of Plaintiff's dunning notice.

(2.)     Plaintiff has not obtained verification of any debt or a copy of any judgment against Defendant and mailed these items to Defendant at Plaintiff's expense.

(3.)     Defendant disputes any debt to Plaintiff; therefore, until validated Plaintiff knows its information concerning the debt contained in Plaintiff's **Small Claims Complaint** dated January 22, 2009 is inaccurate.

(4.)     Any attempt to collect the alleged debt in the absence of validation, violates the Fair Debt Collection Practices Act (FDCPA).

Pursuant to the Fair Debt Collection Practices Act, Section 809(b): Validating Debts:

> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Wherefore, for the reasons set forth above, Defendant Christine Mouser respectfully requests that the court grant the Defendant's **Motion To Dismiss**.

Dated: February 10, 2009                      By: <u>Christine M. Mouser</u>

Christine M. Mouser     2/10/09
5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

*Exhibit J pg 1*

**CERTIFICATE OF SERVICE**

The undersigned states that on February 10, 2009, she caused a copy of the foregoing **Motion to Dismiss** by sending it this day as follows:

<u>VIA CERTIFIED U.S. MAIL and ELECTRONIC FILING</u>

Clerk of the Circuit Court
18th Judicial Circuit Court
505 N. County Farm Road
Wheaton, Illinois 60187-0707

<u>VIA CERTIFIED U.S. MAIL</u>

Melissa Nesheim
Attorney for Plaintiff
Attorney No. 42005
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228
Naperville, IL 60566-7228


Dated: February 10, 2009                                     By: <u>Christine M. Mouser</u>

<u>Christine M. Mouser</u>    2/10/09

Christine M. Mouser
5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

Exhibit J pg 2

7102377

**IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT** DUPAGE COUNTY

ARROW FINANCIAL SERVICES LLC

                        Plaintiff,

                          v.

CHRISTINE MOUSER

                        Defendant(s)

]
]
]
]
] 2009SR000179
]
] Assigned To: 2000
] CASE NO.
]
]
]
]
]
]
] (File Stamp Here)

**FILED**

Jan 22 2009 - 14:18 PM

*Chris Kachmulac*

CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

# SMALL CLAIMS COMPLAINT

    I, the undersigned, being duly sworn upon oath deposes and claim that the defendant(s) is/are indebted to the plaintiff(s) in the sum of $8,227.33 as of December 19, 2008 for breach of contract on a credit card or other credit agreement on or about September 15, 2000, plus interest at the statutory rate of 5% to date pursuant to 815 ILCS 205/2, and that the plaintiff(s) ARROW FINANCIAL SERVICES LLC   has/have demanded payment of said sum; that the defendant(s) CHRISTINE MOUSER reside(s) at 5604 CLARENDON HILLS RD, CLARENDON HILLS IL 60514-1536 ; that the plaintiff(s) ARROW FINANCIAL SERVICES LLC   reside(s) at 5996 West Touhy Ave., Niles, IL 60714. Plaintiff acquired on December 20, 2006 for a valuable consideration, all right, title and interest in the account heretofore stated originally owed by Defendant(s) to WASHINGTON MUTUAL BANK. Plaintiff seeks judgment for the amount claimed above plus costs of this action.

_____
Signature for the Plaintiff or Attorney for Plaintiff

Melissa Nesheim, Jerome E. Riley, Barbara Nilsen
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228  Naperville, IL 60566-7228
630/983-0770   Fax No. 630-428-4610
Attorney No.  Dupage 42005  Kane 031-26104
          Peoria 1794  Winnebago 3802  IL 03126232

P0023PN
CF 89-29

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Attachment 1 pg 1 of 1

Exhibit J pg 3

> "Brennan (plaintiff collection agency attorney) violated 15 U.S.C §
> 1692g(b) when he obtained a default judgement against Spears
> (Defendant) after Spears had notified Brennan in writing that the debt
> was being disputed and before Brennan had mailed verification of debt
> to Spears."

2.    The Plaintiff Arrow Financial Services has demanded payment of the sum.

**Answer:**    Defendant admits that Plaintiff has demanded payment of a sum by and through this
lawsuit, except as admitted herein, item 2 is denied.

3.    Plaintiff acquired on December 20, 2006 for a valuable consideration, all right, title and interest in
the account originally owed by Defendant to WASHINGTON MUTUAL BANK.

**Answer:**    Denied. Defendant has never had a financial arrangement of any kind with Washington
Mutual Bank. Defendant has no knowledge of any contractual arrangement between
Arrow Financial Services and WASHINGTON MUTUAL BANK on or about December
20, 2006.

## COUNTERCLAIM

Christine Mouser (Defendant) alleges the following against Arrow Financial Services, LLC
(Plaintiff):

## INTRODUCTION

1.    Defendant's Counterclaim is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.*
(FDCPA).
2.    Plaintiff acted through its agents, employees, officers, members, directors, heirs, successors, assigns,
principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3.    Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be
brought and heard before "any appropriate United States district court without regard to the amount in
controversy."
4.    Plaintiff conducts business in the state of Illinois, and therefore, personal jurisdiction is established.
5.    Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.
6.    Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7.    Defendant is a natural person residing in Clarendon Hills, DuPage County, Illinois.
8.    Defendant is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Plaintiff,
Defendant allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

Exhibit K pg 2

9. Plaintiff is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Defendant.

10. Plaintiff is a foreign LLC incorporated in Delaware having CT Corporation System as its registered agent in Illinois, and maintains its business headquarters in Niles, Cook County, Illinois.

11. Plaintiff is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Plaintiff caused Defendant to be served with a summons at Defendants place of residence on February 6, 2009.

13. Plaintiff received a written dispute letter via certified mail from Defendant between February 10, 2009 and February 19, 2009 (See attachment 1:

   a. PS Form 3811 United States Postal Service Domestic Return Receipt No. 7008 2810 0000 4085 6098,

   b. and associated United States Postal Service PS Form 3800 Certified Mail Receipt dated February 10, 2009,

   c. and associated Westmont, IL transaction receipt dated February 10, 2009).

14. Plaintiff's Attorney received

   a. Defendant's **Notice of Motion** dated February 10, 2009,

   b. and Defendant's **Motion to Dismiss** dated February 10, 2009

   c. and Defendant's written dispute letter as attachment 2 to Defendant's **Motion to Dismiss** dated February 10, 2009,

   via certified mail from Defendant between February 10, 2009 and February 19, 2009 (See attachment 2:

   d. PS Form 3811 United States Postal Service Domestic Return Receipt No. 7008 2810 0000 4085 6081,

   e. and associated United States Postal Service PS Form 3800 Certified Mail Receipt dated February 10, 2009,

   f. and associated Westmont, IL transaction receipt dated February 10, 2009.

15. The Clerk of the 18th Judicial Circuit Court received

   a. Defendant's **Notice of Motion** dated February 10, 2009,

   b. and Defendant's **Motion to Dismiss** dated February 10, 2009,

   c. and Defendant's written dispute letter as attachment 2 to Defendant's **Motion to Dismiss** dated February 10, 2009,

   via certified mail from Defendant between February 10, 2009 and February 19, 2009 (See attachment 3:

   d. PS Form 3811 United States Postal Service Domestic Return Receipt No. 7008 2810 0000 4085 6074,

3

Exhibit K pg 3

    e.   and associated United States Postal Service PS Form 3800 Certified Mail Receipt dated
February 10, 2009,

    f.   and associated Westmont, IL transaction receipt dated February 10, 2009.

16. Defendant does not believe it owes the debt Plaintiff is attempting to collect.

17. Plaintiff has had ample time to drop its **Small Claims Complaint** dated January 22, 2009 against
Defendant and as of February 19, 2009 has not.

18. Plaintiff failed to provide Defendant a debt validation letter.

## COUNT I
## PLAINTIFF VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a.   Plaintiff violated $\S1692c(C)$ *(1, 2 and 3)* of the FDCPA by failing to notify the consumer
upon written notice from the consumer of its refusal to pay a debt, that the

        i.   debt collector's further efforts are being terminated; or

        ii.   debt collector or creditor may invoke specified remedies which are
ordinarily invoked by such debt collector or creditor; or

        iii.   debt collector or creditor intends to invoke a specified remedy, where
applicable.

    Such notice from the consumer was made by mail therefore notification was completed
upon receipt.

    b.   Plaintiff violated $\S1692e(2)(A)$ of the FDCPA by falsely representing the character and
amount of the debt because Defendant does not owe the debt Plaintiff is attempting to
collect.

    c.   Plaintiff violated $\S1692e(8)$ of the FDCPA by communicating or threatening to
communicate to any person credit information which is known or which should be known
to be false, including the failure to communicate that a disputed debt is disputed.

    d.   Plaintiff violated $\S1692e(10)$ of the FDCPA by using false representations and deceptive
means in an attempt to collect a debt because Defendant does not owe the debt Plaintiff is
attempting to collect

    e.   Plaintiff violated $\S1692f(1)$ of the FDCPA by attempting to collect any amount from
Defendant (including any interest, fee, charge, or expense incidental to the principal
obligation) because such amount is not expressly permitted by law because Defendant
does not owe the debt.

    f.   Plaintiff violated $\S1692g(a)(1-5)$ by failing to provide appropriate notice of the debt
within days after the initial communication including: (1) the amount of the debt; (2) the
name of the creditor to whom the debt is owed; (3) a statement that unless the consumer,
within 30 days after receipt of the notice, disputes the validity of the debt, or any portion
thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if

Exhibit K p4

the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed; the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20. As a direct and proximate result of one or more or all of the statutory violations above Defendant has suffered emotional distress (See attachment 4).

WHEREFORE, Defendant, CHRISTINE MOUSER, respectfully requests judgment be entered against Plaintiff, ARROW FINANCIAL SERVICES, LLC, for the following:

21. Declaratory judgment that Plaintiff's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages.

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

Dated: February 20, 2009

2/20/09                                          By: Christine M. Mouser

Christine M. Mouser
5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

5

Exhibit K pg 5

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS

Defendant, Christine Mouser, states the following:

1. I am the Defendant in the Civil proceeding
2. I have read and prepared the above titled Answer and Counterclaim and I believe all of the fact contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Answer and Counterclaim is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this Answer and Counterclaim is not interposed for any improper purpose, such as to harass any Plaintiff(s), cause unnecessary delay to any Plaintiff(s), or to create a needless increase in the cost of litigation to any Plaintiff's, named in the Answer and Counterclaim.
5. I have filed this Answer and Counterclaim in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided which has been attached to the Answer and Counterclaim is a true and correct copy of the original.
7. Except for clearly indicated redactions where appropriate, I have not altered, changed, modified or fabricated these exhibits.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 3/30/09

Signed name:

Printed name: Christine Mouser

6

Exhibit K pg 6

## CERTIFICATE OF SERVICE

The undersigned states that on February 20, 2009, she caused a copy of the foregoing **Answer and Counterclaim** by sending it this day as follows:

### VIA CERTIFIED U.S. MAIL and ELECTRONIC FILING

Clerk of the Circuit Court
18th Judicial Circuit Court
505 N. County Farm Road
Wheaton, Illinois 60187-0707

### VIA CERTIFIED U.S. MAIL

Melissa Nesheim
Attorney for Plaintiff
Attorney No. 42005
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228
Naperville, IL 60566-7228

### VIA FEDERAL EXPRESS

STEVEN C. LINDBERG
Registered Agent of
Freedman Anselmo Lindberg & Rappe LLC
1807 W. DIEHL RD., STE. 333
Naperville, IL 60563

CT CORPORATION SYSTEM
Registered Agent of
Arrow Financial Services
208 S. LaSalle Street
Chicago, IL 60604

Dated: February 20, 2009

By: Christine M. Mouser

Christine M. Mouser       2/20/09
5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

7

Exhibit K pg 7



**UNITED STATES POSTAL SERVICE**

Track/Confirm - Intranet Item Inquiry
Item Number: 7008 2810 0000 4085 6098

**This item was delivered on 02/11/2009 at 09:50**

**Delivery Section**

Signature:

Address:

7008 2810 0000 4085 6098

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Arrow Financial Services
5996 West Touhy Ave
Niles, IL 60714

2. Article Number
(Transfer from service label)

7008 2810 0000 4085 6098

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                    F. COOPER         ☐ Agent
                                       ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ $0.42 |
| Certified Fee | $2.70 |
| Return Receipt Fee (Endorsement Required) | $2.20 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $5.32 |
| Sent To | NILES IL 60714 |

| | Sales Receipt | | |
|---|---|---|---|
| | Qty | Unit Price | Final Price |

WESTMONT, Illinois
605592367
1815500559-0097
02/10/2009 (630)968-0855 10:37:52 AM

| Product Description | | | |
|---|---|---|---|
| NILES IL 60714 | | | |
| Zone-1 First-Class | | | |
| Letter | | | |
| 0.80 oz. | 1 | | $0.42 |
| Return Rcpt (Green Card) | | | $2.20 |
| Certified | | | $2.70 |
| Label #: | 70082810000040856098 | | |
| Issue PVI: | | | $5.32 |
| WHEATON IL 60187 | | | |
| Zone-1 First-Class | | | |
| Letter | | | |
| 1.50 oz. | | | $0.59 |
| Return Rcpt (Green Card) | | | $2.20 |
| Certified | | | $2.70 |
| Label #: | 70082810000040856074 | | |
| Issue PVI: | | | $5.49 |
| NAPERVILLE IL 60566 | | | |
| Zone-1 First-Class | | | |
| Letter | | | |
| 1.50 oz. | | | $0.59 |
| Return Rcpt (Green Card) | | | $2.20 |
| Certified | | | $2.70 |
| Label #: | 70082810000040856081 | | |
| Issue PVI: | | | $5.49 |
| Total: | | | $16.30 |
| Paid by: | | | |
| Visa | | | $16.30 |
| Account #: | XXXXXXXXXX9237 | | |
| Approval #: | 900302 | | |
| Transaction #: | 729 | | |

Attachment 1

Exhibit K B 8



UNITED STATES
POSTAL SERVICE

Track/Confirm – Intranet Item Inquiry
Item Number: 7008 2810 0000 4085 6081

**This item was delivered on 02/12/2009 at 07:45**

| | |
|---|---|
| Signature: | |
| Address: | 13 3218 |

SENDER: COMPLETE THIS SECTION

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MELISSA Nesheim
Attorney No. 42005
Freedman Anselmo Lindberg & Rappe
P.O. Box 3228
Naperville, IL 60566-7228

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
D STRUM   2 12 09
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

2. Article Number
(Transfer from service label)   7008 2810 0000 4085 6081

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

7008 2810 0000 4085 6081

USPS
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $0.59 |
| Certified Fee | $2.70 |
| Return Receipt Fee (Endorsement Required) | $2.20 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $5.49 |

FEB 10 2009
WESTMONT
60559

**Attachment 2**

```
WESTMONT, Illinois
605592367
181550559-0097
02/10/2009 (630)968-0855 10:37:52 AM

Product              Sales Receipt
Description          Qty Price    Final Price

NILES IL 60714
Zone-1 First-Class                    $0.42
Letter
0.80 oz.
Return Rcpt (Green                    $2.20
Card)
Certified                             $2.70
Label #:
7008281000004085609B
Issue PVI:                            $5.32

WHEATON IL 60187
Zone-1 First-Class                    $0.59
Letter
1.50 oz.
Return Rcpt (Green                    $2.20
Card)
Certified                             $2.70
Label #:
7008281000004085607A
Issue PVI:                            $5.49

NAPERVILLE IL 60566
Zone-1 First-Class                    $0.59
Letter
1.50 oz.
Return Rcpt (Green                    $2.20
Card)
Certified                             $2.70
Label #:
7008281000004085608I
Issue PVI:                            $5.49

Total:                               $16.30

Paid by:
Visa                                 $16.30
Account #:         XXXXXXXXXXXX2937
Approval #:        80C302
Transaction #:     779
```

Exhibit K pg 9

WESTMONT PO
WESTMONT, Illinois
605592367
1815500559-0097
02/10/2009 (630)968-0855 10:37:52 AM

================================
============== Sales Receipt ===========
Product        Sale Unit      Final
Description    Qty  Price     Price
================================

NILES IL 60714                 $0.42
Zone-1 First-Class
Letter
0.80 oz.
Return Rcpt (Green             $2.20
Card)
Certified                      $2.70
Label #:     70082810000040856093
                            ========
Issue PVI:                     $5.32

WHEATON IL 60187               $0.59
Zone-1 First-Class
Letter
1.50 oz.
Return Rcpt (Green             $2.20
Card)
Certified                      $2.70
Label #:     70082810000040856074
                            ========
Issue PVI:                     $5.49

NAPERVILLE IL 60566            $0.59
Zone-1 First-Class
Letter
1.50 oz.
Return Rcpt (Green             $2.20
Card)
Certified                      $2.70
Label #:     70082810000040856081
                            ========
Issue PVI:                     $5.49
                            ==========
Total:                        $16.30

Paid by:
Visa                          $16.30
   Account #:      XXXXXXXXXXXX6237
   Approval #:     800302
   Transaction #:  729

Exhibit @ 16

Attachment 3



SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY
A. Signature
X DEBBIE LINDQUIST         ☐ Agent
                           ☐ Addressee
B. Received by ( Printed Name)   C. Date of Delivery
                                 3-11

1. Article Addressed to:

Clerk of the Circuit Court
18th Judicial Circuit Court
505 N. County Farm RD.
Wheaton, IL 60187-0707

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7008 2810 0000 4085 6074

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

WHEATON IL 60187        OFFICIAL USE

Postage          $    $0.59        0559
Certified Fee         $2.70
Return Receipt Fee
(Endorsement Required)  $2.20        Postmark Here
Restricted Delivery Fee
(Endorsement Required)  $0.00        WESTMONT
                                     FEB 10 2009
Total Postage & Fees  $    $5.49     02/10/2009

Sent To                              60559
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

7008 2810 0000 4085 6074

PS Form 3800, August 2006        See Reverse for Instructions

I have suffered from the following due to, or made worse by, the actions of the Plaintiff's debt collection activities:

1. Sleeplessness
2. Fear of answering the telephone
3. Nervousness
4. Fear of answering the door
5. Embarrassment when speaking with family or friends
6. Depressions (sad, anxious, or "empty" moods)
7. Chest pains
8. Feelings of hopelessness, pessimism
9. Feelings of guilt, worthlessness, hopelessness
10. Appetite and/or weight loss or overeating and weight gain
11. Thought of death, suicide or suicide attempts
12. Restlessness or irritability
13. Headache, nausea, chronic pain or fatigue
14. Negative impact on my job
15. Negative impact on my relationships

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:


Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2/20/09

Signed name:

Printed name: Christine M. Mouser


Attachment 4


Exhibit K pg 11

February 10, 2009

Christine M. Mouser
5604 Clarendon Hills Rd
Clarendon Hills, IL 60514

Arrow Financial Services, LLC
5996 West Touhy Ave
Niles, IL 60714

VIA CERTIFIED MAIL

Dear Arrow Financial Services, LLC,

I am writing in response to your Small Claims Complaint dated January 22, 2009, (copy enclosed) because I do not believe I owe what you say I owe.

This is the first I've heard from you, or any other company on this matter therefore, in accordance with the Fair Debt Collection Practices Act, Section 809(b): Validating Debts:

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

I respectfully request that you provide me with the following information:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) Provide a verification or copy of any judgment (if applicable);
(4) Proof that you are licensed to collect debts in the State of Illinois.
Be advised that I am fully aware of my rights under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. For instance, I know that:

because I have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense;
you cannot add interest or fees except those allowed by the original contract or state law.
you do not have to respond to this dispute but if you do, any attempt to collect this debt without validating it, violates the FDCPA;
Also be advised that I am keeping very accurate records of all correspondence from you and your company including recording all phone calls and I will not hesitate to report violations of the law to my State Attorney General, the Federal Trade Commission and the Better Business Bureau.

I have disputed this debt; therefore, until validated you know your information concerning this debt is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act § 1681s-2. Should you pursue a judgment without

Exhibit L pg 1

validating this debt, I will inform the judge and request the case be dismissed based on your failure to comply with the FDCPA.

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute with this debt.

*Christine M. Mouser* 2/10/09

Christine M. Mouser

CC:     Melissa Nesheim
        Attorney for Plaintiff
        Attorney No. 42005
        Freedman Anselmo Lindberg & Rappe LLC
        PO Box 3228
        Naperville, IL 60566-7228
        630 983-0770
        fax: 630 983-1487

Exhibit L pg 2

March 11, 2009

Christine M. Mouser
5604 Clarendon Hills Rd
Clarendon Hills, IL 60514

Louis S. Freedman
Freedman Anselmo Lindberg & Rappe, LLC
1807 West Diehl Road, Ste. 333
Naperville, IL 60563

VIA CERTIFIED MAIL

RE: ARROW FINANCIAL SERVICES LLC; **2009SR000179**; File no.: 07102377

Dear Louis Freedman,

In response to your communication of February 26, 2009 (**attachment 1**), please note that your office did perform an unauthorized inquiry as to my personal credit history, and as per your 2/26/09 written request, proof of said inquiry has been attached (**attachment 2**). As per my initial written request dated February 18, 2009 (**attachment 3**), upon that 2/18/09 notice you must at once cease your unauthorized hard inquiries into my credit report.

This communication constitutes a second formal demand that you immediately contact the credit reporting agencies and credit bureaus, where your organization has made inquiries into my credit history, to have your illegal inquiries removed. Be advised that I will be checking and otherwise monitoring my reports as well as your progress to ensure that these demands have been satisfied.

I have not signed any documents authorizing your organization to view my credit history, nor have I authorized your organization through any other means to do so. Your inquiry into my credit report violates the Fair Credit Reporting Act, Section 1681b(c): Transactions Not Initiated by Consumer.

Should you fail or otherwise refuse to rectify this matter, I am prepared to report your person, your law firm, Melissa Nesheim and Steven C. Lindberg to any and all appropriate bar associations. I am further prepared to bring the appropriate actions against same so as to recoup court costs, legal fees, as well as other damages that your actions in this matter have brought upon me.

If you are in possession of any document that you believe authorizes you or your organization to make inquiries into my credit report, I respectfully request that a copy of this document be sent to my address listed above so that I may verify its validity. If you do not posses inquiry authorization, I again request that, after removing your unauthorized inquiries from my credit profiles, you also remove my personal information from your records and send me confirmation that you have complied with my requests.

Additionally, in reference to your February 26, 2009 communication, you acknowledge that you represent the interests of Arrow Financial Services as their debt collector.

Do know that Melissa Nesheim as <u>Attorney for Plaintiff</u> through your firm on behalf of its client Arrow Financial Services filed a Small Claims Complaint attached with the signed Affidavit of

1

Exhibit M pg 1

Patricia Wallace (an employee of the debt collector) in reference to Arrow Financial Services purchase of an account from Washington Mutual Bank (**attachments 4 a, b**).

While I do not dispute that Arrow Financial Services may have purchased an account from Washington Mutual Bank, I do dispute that the original debt to Washington Mutual Bank is my own, having never had an account with Washington Mutual Bank to begin with. Further, you on behalf of your client proceeded with aggressive debt collection activities against me, absent an opportunity for me to dispute any alleged indebtedness to you, your client, or Washington Mutual Bank, prior to being served with a summons at my place of residence and thus being dragged into court. This process has been terribly inconvenient and a costly endeavor for me. In the end when I prevail, I will recoup losses and damages, and make sure that corrective actions are taken against all those responsible.

In a written communication dated February 10, 2009 (**attachments 5 a, b**), I disputed the debt because I do not believe I owe your client what they say I owe.

Please be advised that the Small Claims Complaint in this matter specifies that the amount in controversy was held by Washington Mutual Bank and was acquired by your client on December 20, 2006 for valuable consideration. <u>I have never in my life had financial dealings or accounts of any kind with Washington Mutual Bank. It appears to me as though my credit report has been falsified so as to indicate that monthly payments were made on an account in my name between January of 2005 and through May of 2006, and that this account began to go into default in June 0f 2006 (**attachment 6**)</u>. I know that neither you nor anyone else can prove that I either made or authorized payment to be made on this account in my name, or that this account existed in my name with my knowledge and approval.

Receipt of the Small Claims Complaint as referenced above at the time of service of Summons for case No. **2009SR000179** was the first I've heard from your client or any other company on this matter therefore, in accordance with the Fair Debt Collection Practices Act, Section 809(b): Validating Debts:

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

I again hereby respectfully request that you provide me with the following information:

(1) Proof that your client named on the Summons for case No. **2009SR000179** owns the debt or has been assigned the debt;
(2) the complete payment history, starting with the original creditor, and
(3) a copy of the original signed loan agreement or credit card application (as applicable);
(4) **a verification or copy of any judgment (if applicable);**
(4) Proof that as a Foreign LLC incorporated in Delaware that your client Arrow Financial Services is licensed to collect debts in the State of Illinois.

Be advised that I am fully aware of my rights under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. For instance, I know that:

2

Exhibit M pg 2

1. because I have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense;
2. you cannot add interest or fees except those allowed by the original contract or state law.
3. you do not have to respond to this dispute but if you do, any attempt to collect this debt without validating it, violates the FDCPA;

In addition, because a written contract was not attached to the debt-collection complaint and no evidence has been proffered that a written contract exists, the contract must be considered 'unwritten' under Illinois law.

Please be advised that I have kept and continue to keep very accurate records of all correspondence from you and your company up to and including the recording of all phone calls.

Through my 2/10/09 written communication to your client Arrow Financial Services, Melissa Nesheim (one of your attorneys), and the Clerk of the Circuit Court of DuPage County **(attachment 7)**, I indicated that I would not hesitate to report violations of the law to my State Attorney General, the Federal Trade Commission and the Better Business Bureau. Because you on behalf of your client have demonstrated an intention to continue to pursue a judgment against me without validating this debt, through this written response, I am now bringing your illegal activities to the attention of Attorney General Lisa Madigan, Governor Pat Quinn, The Honorable Stephen J. Culliton Chief Judge of the 18th Judicial Circuit Court, Charles Schneider Executive Director of the Federal Trade Commission, and the Better Business Bureau, among others.

I have as of 2/10/09 disputed this debt; therefore, until validated you know your information concerning this debt is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate and failing to report information correctly, are violations of the Fair Credit Reporting Act § 1681s-2.

On March 2, 2009 I appeared before the Honorable Judge Kenneth A. Abraham in this matter, informed the judge that your client was pursuing a judgment against me having failed to validate the alleged debt, and executed a **Notice of Motion** and a **Motion to Dismiss (attachments 8 a through g)**. The **Motion to Dismiss** was denied. I then entered my **Answer and Counterclaim (attachments 9 a through k)**. Your counsel did not drop the Small Claims Complaint at that time. Judge Abraham then set a status hearing for March 23, 2009.

Because you on behalf of your client have not dropped or otherwise offered to settle this matter and therefore continue to pursue a judgment against me without validating this debt, and because I have already informed the judge of your transgressions and have unsuccessfully requested dismissal of the case based on your failure to comply with the FDCPA, I am prepared to file a petition to have this case moved to a US District Court and am prepared to file suit in this matter against both you as well as your client in addition to any party acting as accomplice for violating my rights under the FDCPA and the FCRA. Your anticipated bona fide error defense will be viewed as incredibly weak going forward.

3

Exhibit M pg 3

Finally, if your client does not own this debt, I demand your client to immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute with this debt.

Respectfully,

Christine M. Mouser    3/13/09

CC:

Melissa Nesheim
Attorney for Plaintiff
Attorney No. 42005
Freedman Anselmo Lindberg & Rappe LLC
1807 West Diehl Road, Ste. 333
Naperville, IL 60563

Steven C. Lindberg
Registered Agent, Freedman Anselmo
Lindberg & Rappe LLC
1807 W. Diehl Rd., Ste. 333
Naperville, IL 60563

Lisa Madigan
Illinois Attorney General
Consumer Fraud Bureau
500 South Second Street
Springfield, IL 62706

Consumer Fraud Division
Cook County State Attorney's Office
69 West Washington, Suite 3130
Chicago, IL 60602

Governor Pat Quinn
Office of the Governor
207 State House
Springfield, IL 62706

Governor's Office of Citizens Action
222 South College, Room 106
Springfield, IL 62706

Charles Schneider
Executive Director
Federal Trade Commission
Consumer Response Center
600 Pennsylvania Avenue, NW
Washington, DC 20580

Eric H. Holder Jr.
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Consumer Fraud Bureau
100 West Randolph, 12th Floor
Chicago, IL 60601

BBB Headquarters
330 N Wabash Avenue Suite #2006
Chicago, IL 60611

The Council of Better Business Bureaus
4200 Wilson Blvd, Suite 800
Arlington, VA 22203-1838

AFS Holdings, LLC, Manager
Arrow Financial Services L.L.C.
5996 West Touhy Ave
Niles, IL 60714

Bruce Limatainen, Manager
AFS Holdings LLC
2100 N Southport Ave
Chicago, IL 60614

Donald J Gibson, Jr
Registered Agent of AFS Holdings LLC
77 W Wacker Drive, Ste. 4100
Chicago, IL 60601

C T Corporation System (A Wolters Kluwer Business)
Registered Agent of Arrow Financial Services L.L.C.
Registered Agent of Experian Services Corporation
Registered Agent of Wolters Kluwer United States INC.
208 S. LaSalle Street
Suite 814
Chicago, IL 60604

Eugene Landoe, President
C T Corporation System (A Wolters Kluwer Business)
111 8th Avenue
13th Floor
New York, NY 10011

James M Halpin
Registered Agent of C T Corporation System (A Wolters Kluwer Business)
208 South LaSalle Street
Chicago, IL 60604

4

Exhibit M pg 4

C T Corporation System (A Wolters Kluwer Business)
Registered Agent of Experian Services Corp
Registered Agent of Experian Marketing Solutions, INC.
Registered Agent of Experian Information Solutions INC
Suite 2900
350 North St. Paul St.
Dallas, TX 75201

Thomas A. Lesica, President
Wolters Kluwer United States INC.
111 8th Avenue
13th Floor
New York, NY 10011

Nancy P McKinstry, CEO, Chair of the Executive Board
Wolters Kluwer United States INC.
111 8th Avenue
13th Floor
New York, NY 10011

Wolters Kluwer Legal Department
Wolters Kluwer United States, INC.
Principal Executive Office of C T Corporation System
2700 Lake Cook Rd
Riverwoods, IL 60015

CT Corporation System
Registered Agent of C T Corporation System
Registered Agent of Wolters Kluwer United States INC.
111 Eighth Avenue
New York, New York, 10011

Don Robert, President, Director
Experian Services Corporation
475 Anton Blvd.
Costa Mesa, CA 92626

Maxine Sweet
Vice President
Experian
701 Experian Parkway
Allen, TX 75013

DuPage County Sheriff
501 N. County Farm Rd.
Wheaton, IL 60187

The Corporation Trust Company
Registered Agent of Arrow Financial Services
Registered Agent of C T Corporation System (A Wolters Kluwer Business)
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Chris Callero, President
Experian Information Solutions INC
475 Anton Blvd.
Costa Mesa, CA 92626-7037

Deborah Zuccanini, President
Experian Marketing Solutions INC
475 Anton Blvd.
Costa Mesa, CA 92626-7037

C T Corporation System (A Wolters Kluwer Business)
Registered Agent of Arrow Financial Services L.L.C.
Registered Agent of Experian Services Corporation
Registered Agent of Wolters Kluwer United States INC.
818 West Seventh Street
Los Angeles, CA 90017

Penny Hands
Investor Relations Manager
Experian, Cardinal Place, 80
Victoria Street, London, SW1E
5JL

Charles Brown
Company Secretary
Experian, plc, Newenham House,
Northern Cross, Malahide Road,
Dublin 17, Ireland

Annemarie Shillito
Head of Global Corporate Responsibility
Experian, Talbot House,
Talbot Street, Nottingham,
NG80 1TH

Honorable Kenneth A. Abraham
18th Judicial Circuit Court
Room 2000
505 N. County Farm Road
Wheaton, IL 60187-0707

Clerk of the Circuit Court
18th Judicial Circuit Court
505 N. County Farm Road
Wheaton, IL 60187-0707

Honorable Hollis L. Webster
Presiding Judge
18th Judicial Circuit Court
Room 2000
505 N. County Farm Road
Wheaton, IL 60187-0707

Honorable Stephen J. Culliton
Chief Judge
18th Judicial Circuit
505 N. County Farm Road
Wheaton, IL 60187-0707

5

Exhibit M pg 5

LAW OFFICES

# FREEDMAN ANSELMO LINDBERG & RAPPE LLC

1807 WEST DIEHL ROAD SUITE 333 P.O. BOX 3228
NAPERVILLE, ILLINOIS 60566-7228
(630) 983-0770 FAX (630) 983-1487
TOLL FREE (877) 729-6734

Louis S. Freedman

PLEASE REFER TO FILE NO.:
07102377

February 26, 2009

CHRISTINE MOUSER
5604 CLARENDON HILLS RD
CLARENDON HILLS IL 60514-1536

RE:   ARROW FINANCIAL SERVICES LLC

Dear Sir or Madam:

As you know this office represents the interests of the captioned creditor as their debt collector.

In response to your communication of February 18, 2009, please note that our office does not report to credit reporting agencies, and performs no hard inquiries onto your credit history. If you can provide the undersigned with some proof of the inquiry, we will be more than happy to address same, both with you as well as with any credit reporting agency.

I await your response.

Very truly yours,
FREEDMAN ANSELMO LINDBERG & RAPPE LLC

Louis S. Freedman
MCI/DL310D1

*Attachment 1*

"This communication is from a debt collector"

*Exhibit M pg 6*


**Experian**
A world of insight

| Logout | Report Summary | Potentially Negative Items | Accounts in Good Standing | Requests for Your Credit History | Personal Information | Your Personal Statement | Get Credit Monitor | Get Credit Score |



### Add Triple Alert℠ Credit Monitoring for only $4.95 per month!

## Credit History Detail Viewed Only By You

Experian credit report prepared for
**CHRISTINE MOUSER**

Your report number is
**1430211767**

Report date: **March 07, 2009**

**Credit Report Toolkit:**
Print your report
Credit Education
Know your rights
Credit Fraud Center

### Get the Score!
Add your Credit Score for only $5.95

❓ Where do you get this information?          ❓ What if I feel there is an error?

**FREEDMAN ANSELMO LINDBER**
Address:
**1807 W DIEHL RD**
**NAPERVILLE IL 60563**
*No phone number available*

Date of Request:
10/22/2007

### Find Your Perfect Credit Card
Select Card Type

©Experian 2009. All rights reserved.
Experian and the marks used herein are service marks or registered trademarks of Experian.
Other product and company names mentioned herein may be the trademarks of their respective owners.

*Attachment 2*

Exhibit M pg 7

February 18, 2009

Christine Mouser
5604 Clarendon Hills Road
Clarendon Hills, IL 60514

Attention: Freedman, Anselmo, Lindberg & Rappe, LLC.
Credit Department
1807 W. Diehl Rd., Ste. 333
Naperville, IL 60563

Dear Freedman, Anselmo, Lindberg & Rappe,

This letter is your formal notice to cease your unauthorized hard inquiries into my credit report and, a formal demand that you immediately contact the credit reporting agencies and credit bureaus, where your organization has made inquiries into my credit history, to have your illegal inquiries removed. Be advised that I will be checking my reports to ensure you have had the following unauthorized inquiries removed:

Made by: Freedman, Anselmo, Lindberg & Rappe

Made on: 10/22/2007

Made with: Experian

To my knowledge, I have not signed any documents authorizing your organization to view my credit history therefore, your inquiry into my credit report violates the Fair Credit Reporting Act, Section 1681b(c): Transactions Not Initiated by Consumer.

If you are in possession of any document that you believe authorizes you or your organization to make inquires into my credit report, I respectfully request a copy of this document be sent to my address listed above so that I may verify its validity. Given the amount of identity theft, I'm sure you'll agree that verifying your information is in your best interest.

Finally, assuming you do not posses inquiry authorization, I request that, after removing your unauthorized inquires from my credit profiles, you also remove all of my personal information from your records and send me confirmation that you have complied with my requests.

Sincerely,

Christine Mouser     2/18/09

Attachment 5

Complaint Small Claims                                                                  81-310

UNITED STATES OF AMERICA

**STATE OF ILLINOIS**                                                    **DUPAGE COUNTY**

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT

07102377

ARROW FINANCIAL SERVICES LLC          )
                                       )
                                       ) **2009SR000179**
                                       )
                          Plaintiff,   ) Assigned To: 2000
                                    v. ) CASE NO.
ARROW FINANCIAL SERVICES LLC

CHRISTINE MOUSER                       )
                                       )
                                       )
                                       )
                                       )
                                       )
                                       )
                       Defendant(s)    )   (File Stamp Here)

FILED
Jan 22 2009 – 14:18 PM

CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

# SMALL CLAIMS COMPLAINT

I, the undersigned, being duly sworn upon oath deposes and claim that the defendant(s) is/are indebted to the plaintiff(s) in the sum of $8,227.33 as of December 19, 2008 for breach of contract on a credit card or other credit agreement on or about September 15, 2000, plus interest at the statutory rate of 5% to date pursuant to 815 ILCS 205/2, and that the plaintiff(s) ARROW FINANCIAL SERVICES LLC   has/have demanded payment of said sum; that the defendant(s) CHRISTINE MOUSER reside(s) at 5604 CLARENDON HILLS RD, CLARENDON HILLS IL 60514-1536 ; that the plaintiff(s) ARROW FINANCIAL SERVICES LLC    reside(s) at 5996 West Touhy Ave., Niles, IL 60714. Plaintiff acquired on December 20, 2006 for a valuable consideration, all right, title and interest in the account heretofore stated originally owed by Defendant(s) to WASHINGTON MUTUAL BANK. Plaintiff seeks judgment for the amount claimed above plus costs of this action.

_____
Signature for the Plaintiff or Attorney for Plaintiff

Melissa Nesheim, Jerome E. Riley, Barbara Nilsen
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228  Naperville, IL 60566-7228
630/983-0770   Fax No. 630-428-4610
Attorney No.  Dupage 42005  Kane 031-26104
            Peoria 1794  Winnebago 3802  IL 03126232
P0023PN
CF 89-29

(Attachment 4a)

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Exhibit M pg 9

07102377

**IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS**

ARROW FINANCIAL SERVICES LLC

YOUR FILE NO.
36400133

]
]
]
]
Plaintiff,                                            ]
                          v.                          ]     CASE NO.
CHRISTINE MOUSER                                      ]
                                                      ]
                                                      ]
             Defendant.                               ]

# A F F I D A V I T

I, *P. Wallace* , being first duly sworn, depose and say that I have personal knowledge of the facts hereinafter said forth based upon Arrow Financial Services LLC records as well as the account information supplied to Arrow Financial Services LLC by plaintiff's assignor and that if sworn as a witness I can testify competently thereto:

1. That I hold the position of *Legal Clerk* with Arrow Financial Services, LLC incorporated under the laws of the State of ___DELAWARE___;

2. I have knowledge of an account in favor of  ARROW FINANCIAL SERVICES LLC   and against CHRISTINE MOUSER  which Arrow Financial Services purchased from WASHINGTON MUTUAL BANK with a total current balance due of $8,047.45 as of June 26, 2008; plus interest at 5%, pursuant to 815 ILCS 205/2 from the aforesaid date; until paid is with my knowledge true and correct, after all credits due the defendant, and that upon information and belief all services were rendered and/or goods were sold and delivered or that the defendant(s) are in breach of the repayment terms as per any and all agreements between the aforementioned parties.

*Attachment 46*

"OFFICIAL SEAL"
Jacqueline Younan
Notary Public, State of Illinois
Commission Expires 4/29/2012

SIGNED AND SWORN
TO BEFORE ME THIS DATE

*07.14.2008*

*Patricia Wallace*
SIGNATURE

*Patricia Wallace*
PRINTED

NOTARY PUBLIC

F002ARR

*Exhibit M pg 10*

February 10, 2009

Christine M. Mouser
5604 Clarendon Hills Rd
Clarendon Hills, IL 60514

Arrow Financial Services, LLC
5996 West Touhy Ave
Niles, IL 60714

VIA CERTIFIED MAIL

Dear Arrow Financial Services, LLC,

I am writing in response to your Small Claims Complaint dated January 22, 2009, (copy enclosed) because I do not believe I owe what you say I owe.

This is the first I've heard from you, or any other company on this matter therefore, in accordance with the Fair Debt Collection Practices Act, Section 809(b): Validating Debts:

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

I respectfully request that you provide me with the following information:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) Provide a verification or copy of any judgment (if applicable);
(4) Proof that you are licensed to collect debts in the State of Illinois.
Be advised that I am fully aware of my rights under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. For instance, I know that:

because I have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense;
you cannot add interest or fees except those allowed by the original contract or state law.
you do not have to respond to this dispute but if you do, any attempt to collect this debt without validating it, violates the FDCPA;
Also be advised that I am keeping very accurate records of all correspondence from you and your company including recording all phone calls and I will not hesitate to report violations of the law to my State Attorney General, the Federal Trade Commission and the Better Business Bureau.

I have disputed this debt; therefore, until validated you know your information concerning this debt is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act § 1681s-2. Should you pursue a judgment without

*Attachment 5 a*

*Exhibit M pg 11*

validating this debt, I will inform the judge and request the case be dismissed based on your failure to comply with the FDCPA.

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute with this debt.

Christine M. Mouser            2/10/09

CC:     Melissa Nesheim
        Attorney for Plaintiff
        Attorney No. 42005
        Freedman Anselmo Lindberg & Rappe LLC
        PO Box 3228
        Naperville, IL 60566-7228
        630 983-0770
        fax: 630 983-1487

*Attachment 5b*

*Exhibit M Pg 12*

## CERTIFICATE OF SERVICE

The undersigned states that on February 10, 2009, she caused a copy of the foregoing **Motion to Dismiss** by sending it this day as follows:

VIA CERTIFIED U.S. MAIL and ELECTRONIC FILING

Clerk of the Circuit Court
18th Judicial Circuit Court
505 N. County Farm Road
Wheaton, Illinois 60187-0707

VIA CERTIFIED U.S. MAIL

Melissa Nesheim
Attorney for Plaintiff
Attorney No. 42005
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228
Naperville, IL 60566-7228

Dated: February 10, 2009

Christine M. Mouser    2/10/99                    By: Christine M. Mouser

5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

Attachment 8b

Exhibit M pg 16

Complaint Small Claims                                                                                  81-310



UNITED STATES OF AMERICA
STATE OF ILLINOIS                                                                   DUPAGE COUNTY
IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT

07102377
ARROW FINANCIAL SERVICES LLC        )
                                    )
                                    ) 2009SR000179
                                    )
                                    ) Assigned To: 2000
                    Plaintiff,      )
                                    ) CASE NO.
                    v.              )
CHRISTINE MOUSER                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                    Defendant(s)    )   (File Stamp Here)

**FILED**
Jan 22 2009 - 14:18 PM

CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

# SMALL CLAIMS COMPLAINT

I, the undersigned, being duly sworn upon oath deposes and claim that the defendant(s) is/are indebted to the plaintiff(s) in the sum of $8,227.33 as of December 19, 2008 for breach of contract on a credit card or other credit agreement on or about September 15, 2000, plus interest at the statutory rate of 5% to date pursuant to 815 ILCS 205/2, and that the plaintiff(s) ARROW FINANCIAL SERVICES LLC     has/have demanded payment of said sum; that the defendant(s) CHRISTINE MOUSER reside(s) at 5604 CLARENDON HILLS RD, CLARENDON HILLS IL 60514-1536 ; that the plaintiff(s) ARROW FINANCIAL SERVICES LLC     reside(s) at 5996 West Touhy Ave., Niles, IL 60714. Plaintiff acquired on December 20, 2006 for a valuable consideration, all right, title and interest in the account heretofore stated originally owed by Defendant(s) to WASHINGTON MUTUAL BANK. Plaintiff seeks judgment for the amount claimed above plus costs of this action.

Signature for the Plaintiff or Attorney for Plaintiff

Melissa Nesheim, Jerome E. Riley, Barbara Nilsen
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228 Naperville, IL 60566-7228
630/983-0770  Fax No. 630-428-4610
Attorney No.  Dupage 42005  Kane 031-26104
              Peoria 1794  Winnebago 3802  IL 03126232
P0023PN
CF 89-29

*Attachment 8 C*

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

*Exhibit M pg 17*

February 10, 2009

Christine M. Mouser
5604 Clarendon Hills Rd
Clarendon Hills, IL 60514

Arrow Financial Services, LLC
5996 West Touhy Ave
Niles, IL 60714

VIA CERTIFIED MAIL

Dear Arrow Financial Services, LLC,

I am writing in response to your Small Claims Complaint dated January 22, 2009, (copy enclosed) because I do not believe I owe what you say I owe.

This is the first I've heard from you, or any other company on this matter therefore, in accordance with the Fair Debt Collection Practices Act, Section 809(b): Validating Debts:

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

I respectfully request that you provide me with the following information:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) Provide a verification or copy of any judgment (if applicable);
(4) Proof that you are licensed to collect debts in the State of Illinois.
Be advised that I am fully aware of my rights under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. For instance, I know that:

because I have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense;
you cannot add interest or fees except those allowed by the original contract or state law.
you do not have to respond to this dispute but if you do, any attempt to collect this debt without validating it, violates the FDCPA;
Also be advised that I am keeping very accurate records of all correspondence from you and your company including recording all phone calls and I will not hesitate to report violations of the law to my State Attorney General, the Federal Trade Commission and the Better Business Bureau.

I have disputed this debt; therefore, until validated you know your information concerning this debt is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act § 1681s-2. Should you pursue a judgment without

*Attachment 8d*

validating this debt, I will inform the judge and request the case be dismissed based on your failure to comply with the FDCPA.

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute with this debt.

Christine M. Mouser    4/10/09

CC:    Melissa Nesheim
       Attorney for Plaintiff
       Attorney No. 42005
       Freedman Anselmo Lindberg & Rappe LLC
       PO Box 3228
       Naperville, IL 60566-7228
       630 983-0770
       fax: 630 983-1487



Attachment 8a

Exhibit M pg 19

UNITED STATES OF AMERICA

STATE OF ILLINOIS                                                DUPAGE COUNTY

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

07102377

ARROW FINANCIAL SERVICES, LLC )
)
)
)                                                      CASE NO.
Plaintiff,      )
v.      )                    2009SR000179
)
)
CHRISTINE MOUSER      )
)
)
)
Defendant      )

### NOTICE OF MOTION

Please take note that on Monday, March 2, 2009, at 9:00 a. m., or as soon thereafter as counsel may be heard, we shall appear before the Court at the DuPage County Judicial Center, 505 N. County Farm Road, Wheaton, IL in Courtroom 2000 and shall then there present **Motion to Dismiss**, a copy of which is submitted herewith.

Dated: February 10, 2009

_Christine M. Mouser_ 2/10/09                          By: _Christine M. Mouser_

Christine M. Mouser
5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

*Attachment 8 p.*

*Exhibit M pg 20*

**CERTIFICATE OF SERVICE**

The undersigned states that on February 10, 2009, she caused a copy of the foregoing **Notice of Motion** by sending it this day as follows:

<u>VIA CERTIFIED U.S. MAIL and ELECTRONIC FILING</u>

Clerk of the Circuit Court
18th Judicial Circuit Court
505 N. County Farm Road
Wheaton, Illinois 60187-0707

<u>VIA CERTIFIED U.S. MAIL</u>

Melissa Nesheim
Attorney for Plaintiff
Attorney No. 42005
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228
Naperville, IL 60566-7228

Dated: February 10, 2009                                    By: <u>Christine M. Mouser</u>

Christine M. Mouser                    2/10/09
5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

Attachment 8g

Exhibit M pg 21

UNITED STATES OF AMERICA

STATE OF ILLINOIS                  DUPAGE COUNTY

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

07102377

ARROW FINANCIAL SERVICES, LLC     ]

                                    ]

                                    ]

                                    ]      CASE NO.

              Plaintiff,        ]

                      v.        ]      2009SR000179

                                    ]

CHRISTINE MOUSER                ]

                                    ]

                                    ]

              Defendant      ]

## ANSWER AND COUNTERCLAIM

Defendant Christine Mouser responds to the Complaint as follows:

### ANSWER

I.      The Defendant Christine Mouser is indebted to the Plaintiff Arrow Financial Services in the sum of $8,227.33 as of December 19, 2008 for breach of contract on a credit card or other credit agreement on or about September 15, 2000, plus interest at the statutory rate of 5% to date pursuant to 815 ILCS 205/2.

Answer:      Denied.

         A.      Pursuant to 815 ILCS 205/2 Plaintiff has not served upon Defendant 30 days' written notice to the debtor, and therefore, an assignee or agent of the creditor may not charge and collect interest as provided in this Section on behalf of a creditor.

         B.      Plaintiff has not met the rules of the **Fair Debt Collection Practices Act** having failed to provide Defendant with any of the following upon the February 10, 2009 written request of Defendant:

                 i.      Proof that it owns the debt or has been assigned the debt,

                 ii.      the complete payment history, starting with the original creditor, and

                 iii.      a copy of the original signed loan agreement or credit card application,

                 iv.      proof that as a Foreign LLC incorporated in Delaware that Arrow Financial Services is licensed to collect debts in the State of Illinois.

                 and therefore can not lawfully make a claim of indebtedness.

         In Spears vs. Brennan the appeals court determined:

*Attachment 9a*

*Exhibit M pg 22*

"Brennan (plaintiff collection agency attorney) violated 15 U.S.C §
1692g(b) when he obtained a default judgement against Spears
(Defendant) after Spears had notified Brennan in writing that the debt
was being disputed and before Brennan had mailed verification of debt
to Spears."

2.    The Plaintiff Arrow Financial Services has demanded payment of the sum.

Answer:    Defendant admits that Plaintiff has demanded payment of a sum by and through this
lawsuit, except as admitted herein. item 2 is denied.

3.    Plaintiff acquired on December 20, 2006 for a valuable consideration, all right, title and interest in
the account originally owed by Defendant to WASHINGTON MUTUAL BANK.

Answer:    Denied. Defendant has never had a financial arrangement of any kind with Washington
Mutual Bank. Defendant has no knowledge of any contractual arrangement between
Arrow Financial Services and WASHINGTON MUTUAL BANK on or about December
20, 2006.

### COUNTERCLAIM

Christine Mouser (Defendant) alleges the following against Arrow Financial Services, LLC
(Plaintiff):

### INTRODUCTION

1.    Defendant's Counterclaim is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.*
(FDCPA).

2.    Plaintiff acted through its agents, employees, officers, members, directors, heirs, successors, assigns,
principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3.    Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be
brought and heard before "any appropriate United States district court without regard to the amount in
controversy."

4.    Plaintiff conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5.    Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6.    Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

### PARTIES

7.    Defendant is a natural person residing in Clarendon Hills, DuPage County, Illinois.

8.    Defendant is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Plaintiff,
Defendant allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

2

*Attachment 9b*

*Exhibit M pg 23*

9.  Plaintiff is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Defendant.

10. Plaintiff is a foreign LLC incorporated in Delaware having CT Corporation System as its registered agent in Illinois, and maintains its business headquarters in Niles, Cook County, Illinois.

11. Plaintiff is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Plaintiff caused Defendant to be served with a summons at Defendants place of residence on February 6, 2009.

13. Plaintiff received a written dispute letter via certified mail from Defendant between February 10, 2009 and February 19, 2009 (See attachment 1:

    a.  PS Form 3811 United States Postal Service Domestic Return Receipt No. 7008 2810 0000 4085 6098,

    b.  and associated United States Postal Service PS Form 3800 Certified Mail Receipt dated February 10, 2009,

    c.  and associated Westmont, IL transaction receipt dated February 10, 2009).

14. Plaintiff's Attorney received

    a.  Defendant's **Notice of Motion** dated February 10, 2009,

    b.  and Defendant's **Motion to Dismiss** dated February 10, 2009

    c.  and Defendant's written dispute letter as attachment 2 to Defendant's **Motion to Dismiss** dated February 10, 2009,

    via certified mail from Defendant between February 10, 2009 and February 19, 2009 (See attachment 2:

    d.  PS Form 3811 United States Postal Service Domestic Return Receipt No. 7008 2810 0000 4085 6081,

    e.  and associated United States Postal Service PS Form 3800 Certified Mail Receipt dated February 10, 2009,

    f.  and associated Westmont, IL transaction receipt dated February 10, 2009.

15. The Clerk of the 18th Judicial Circuit Court received

    a.  Defendant's **Notice of Motion** dated February 10, 2009,

    b.  and Defendant's **Motion to Dismiss** dated February 10, 2009,

    c.  and Defendant's written dispute letter as attachment 2 to Defendant's **Motion to Dismiss** dated February 10, 2009,

    via certified mail from Defendant between February 10, 2009 and February 19, 2009 (See attachment 3:

    d.  PS Form 3811 United States Postal Service Domestic Return Receipt No. 7008 2810 0000 4085 6074,

3

*Attachment 9c*

*Exhibit M pg 24*

      e.   and associated United States Postal Service PS Form 3800 Certified Mail Receipt dated February 10, 2009.

      f.   and associated Westmont, IL transaction receipt dated February 10, 2009.

16. Defendant does not believe it owes the debt Plaintiff is attempting to collect.

17. Plaintiff has had ample time to drop its Small Claims Complaint dated January 22, 2009 against Defendant and as of February 19, 2009 has not.

18. Plaintiff failed to provide Defendant a debt validation letter.

### COUNT I
### PLAINTIFF VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a.   Plaintiff violated §1692e(C) (1, 2 and 3) of the FDCPA by failing to notify the consumer upon written notice from the consumer of its refusal to pay a debt, that the

        i.   debt collector's further efforts are being terminated; or

        ii.   debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

        iii.   debt collector or creditor intends to invoke a specified remedy, where applicable.

      Such notice from the consumer was made by mail therefore notification was completed upon receipt.

    b.   Plaintiff violated §1692e(2)(A) of the FDCPA by falsely representing the character and amount of the debt because Defendant does not owe the debt Plaintiff is attempting to collect.

    c.   Plaintiff violated §1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

    d.   Plaintiff violated §1692e(10) of the FDCPA by using false representations and deceptive means in an attempt to collect a debt because Defendant does not owe the debt Plaintiff is attempting to collect

    e.   Plaintiff violated §1692f(1) of the FDCPA by attempting to collect any amount from Defendant (including any interest, fee, charge, or expense incidental to the principal obligation) because such amount is not expressly permitted by law because Defendant does not owe the debt.

    f.   Plaintiff violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if

4

*Attachment 9d*

*Exhibit M pg 25*

the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20. As a direct and proximate result of one or more or all of the statutory violations above Defendant has suffered emotional distress (See attachment 4).

WHEREFORE, Defendant, CHRISTINE MOUSER, respectfully requests judgment be entered against Plaintiff, ARROW FINANCIAL SERVICES, LLC, for the following:

21. Declaratory judgment that Plaintiff's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

Dated: February 20, 2009

Christine M. Mouser                2/20/09          By: Christine M. Mouser
5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

5

Attachment 9e

Exhibit M pg 26

<u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF ILLINOIS

Defendant, Christine Mouser, states the following:

1. I am the Defendant in the Civil proceeding
2. I have read and prepared the above titled Answer and Counterclaim and I believe all of the fact contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Answer and Counterclaim is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this Answer and Counterclaim is not interposed for any improper purpose, such as to harass any Plaintiff(s), cause unnecessary delay to any Plaintiff(s), or to create a needless increase in the cost of litigation to any Plaintiff's, named in the Answer and Counterclaim.
5. I have filed this Answer and Counterclaim is good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided which has been attached to the Answer and Counterclaim is a true and correct copy of the original.
7. Except for clearly indicated redactions where appropriate, I have not altered, changed, modified or fabricated these exhibits.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 9/20/09          Signed name: _____

Printed name: Christine Mouser

Attachment 9f

6

Exhibit M pg 27

## CERTIFICATE OF SERVICE

The undersigned states that on February 20, 2009, she caused a copy of the foregoing Answer and Counterclaim by sending it this day as follows:

### VIA CERTIFIED U.S. MAIL and ELECTRONIC FILING

Clerk of the Circuit Court
18th Judicial Circuit Court
505 N. County Farm Road
Wheaton, Illinois 60187-0707

### VIA CERTIFIED U.S. MAIL

Melissa Nesheim
Attorney for Plaintiff
Attorney No. 42005
Freedman Anselmo Lindberg & Rappe LLC
PO Box 3228
Naperville, IL 60566-7228

### VIA FEDERAL EXPRESS

STEVEN C. LINDBERG
Registered Agent of
Freedman Anselmo Lindberg & Rappe LLC
1807 W. DIEHL RD., STE. 333
Naperville, IL 60563

CT CORPORATION SYSTEM
Registered Agent of
Arrow Financial Services
208 S. LaSalle Street
Chicago, IL 60604

Dated: February 20, 2009

2/20/09

Christine M. Mouser
5604 Clarendon Hills Road
Clarendon Hills, IL 60514
(708) 372-0669

By: Christine M. Mouser

7

Attachment 9g

Exhibit M pg 28

UNITED STATES POSTAL SERVICE

**Track/Confirm - Intranet Item Inquiry**
**Item Number: 7008 2810 0000 4085 6098**

**This item was delivered on 02/11/2009 at 09:50**

| | Delivery Section |
|---|---|
| **Signature:** | F Cooper / F COOPER |
| **Address:** | 48105U |

7008 2810 0000 4085 6098

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Arrow Financial Services
5996 West Touhy Ave
Niles, IL 60714

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X F. COOPER ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

USPS FEB 11

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7008 2810 0000 4085 6098

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com
OFFICIAL USE

| | |
|---|---|
| Postage | $0.42 |
| Certified Fee | $2.70 |
| Return Receipt Fee (Endorsement Required) | $2.20 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $5.32 |

Sent To
Street, Apt. No., or PO Box No.
City, State, ZIP+4

WESTMONT FEB 10 2009 60559

WESTMONT, Illinois
605592387
1615500559-0097
(630)968-0855
02/10/2009 10:37:52 AM

Sales Receipt

| Product Description | Sale Unit Qty Price | Final Price |
|---|---|---|
| NILES IL 60714 Zone-1 First-Class Letter 0.80 oz. | | $0.42 |
| Return Rcpt (Green Card) | | $2.20 |
| Certified | | $2.70 |
| Label #: 70082810000040856098 | | |
| Issue PVI: | | $5.32 |
| WHEATON IL 60187 Zone-1 First-Class Letter 1.50 oz. | | $0.59 |
| Return Rcpt (Green Card) | | $2.20 |
| Certified | | $2.70 |
| Label #: 70082810000040856074 | | |
| Issue PVI: | | $5.49 |
| NAPERVILLE IL 60566 Zone-1 First-Class Letter 1.50 oz. | | $0.59 |
| Return Rcpt (Green Card) | | $2.20 |
| Certified | | $2.70 |
| Label #: 70082810000040856081 | | |
| Issue PVI: | | $5.49 |
| Total: | | $16.30 |
| Paid by: Visa | | $16.30 |

Account #: XXXXXXXXXXXX6237
Approval #: 800302
Transaction #: 729

Attachment 1
Attachment 9A

Exhibit M pg 29



UNITED STATES POSTAL SERVICE

**Track/Confirm - Intranet Item Inquiry**
**Item Number: 7008 2810 0000 4085 6081**

**This item was delivered on 02/12/2009 at 07:45**

| | |
|---|---|
| Signature: | X [signature] / O STRUMM |
| Address: | 13 3218 |

7008 2810 0000 4085 6081

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Melissa Nesheim
Attorney No. 42005
Freedman Anselmo Lindberg & Rappe
P.O. Box 3228
Naperville, IL 60566-7228

2. Article Number (Transfer from service label) 7008 2810 0000 4085 6081

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name) O STRUMM C. Date of Delivery 2-12-09

D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No

3. Service Type ☒ Certified Mail ☐ Express Mail ☐ Registered ☐ Return Receipt for Merchandise ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.59 |
| Certified Fee | $2.70 |
| Return Receipt Fee (Endorsement Required) | $2.20 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $5.49 |

Postmark Here: WESTMONT IL FEB 10 2009 01 — 02/10/2009 60559

Sent To / Street, Apt. No., or PO Box No. / City, State, ZIP+4

WESTMONT, Illinois
605592367
1615500559-0097
02/10/2009 (630)968-0855 10:37:52 AM

Sales Receipt

| Product Description | Sale Unit Qty Price | Final Price |
|---|---|---|
| NILES IL 60714 Zone-1 First-Class Letter 0.80 oz. | | $0.42 |
| Return Rcpt (Green Card) | | $2.20 |
| Certified | | $2.70 |
| Label #: 70082810000040856098 | | |
| Issue PVI: | | $5.32 |
| WHEATON IL 60187 Zone-1 First-Class Letter 1.50 oz. | | $0.59 |
| Return Rcpt (Green Card) | | $2.20 |
| Certified | | $2.70 |
| Label #: 70082810000040856074 | | |
| Issue PVI: | | $5.49 |
| NAPERVILLE IL 60566 Zone-1 First-Class Letter 1.50 oz. | | $0.59 |
| Return Rcpt (Green Card) | | $2.20 |
| Certified | | $2.70 |
| Label #: 70082810000040856081 | | |
| Issue PVI: | | $5.49 |
| Total: | | $16.30 |

Paid by:
Visa $16.30
Account #: XXXXXXXXXXXX6237
Approval #: 800302
Transaction #: 729

Attachment 2
Attachment 9c

Exhibit M pg 30

I have suffered from the following due to, or made worse by, the actions of the Plaintiff's debt collection activities:

1. Sleeplessness
2. Fear of answering the telephone
3. Nervousness
4. Fear of answering the door
5. Embarrassment when speaking with family or friends
6. Depressions (sad, anxious, or "empty" moods)
7. Chest pains
8. Feelings of hopelessness, pessimism
9. Feelings of guilt, worthlessness, hopelessness
10. Appetite and/or weight loss or overeating and weight gain
11. Thought of death, suicide or suicide attempts
12. Restlessness or irritability
13. Headache, nausea, chronic pain or fatigue
14. Negative impact on my job
15. Negative impact on my relationships

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 9/20/09

Signed name:

Printed name: Christine M Mower

Attachment 9k

Attachment 4

Exhibit M pg 32

WESTMONT, Illinois
605592367
181500069-0397
02/10/2009 (630)968-0855 10:37:52 AM

| Product Description | Sales Receipt Qty | Sale Unit Price | Final Price |
|---|---|---|---|
| NILES IL 60714 Zone-1 First-Class | | | $0.42 |
| Letter 0.80 oz. | | | |
| Return Rcpt (Green Card) | | | $2.20 |
| Certified | | | $2.70 |
| Label #: 70082010000408560918 | | | |
| Issue PVI: | | | $5.32 |
| WHEATON IL 60187 Zone-1 First-Class | | | $0.59 |
| Letter 1.50 oz. | | | |
| Return Rcpt (Green Card) | | | $2.20 |
| Certified | | | $2.70 |
| Label #: 70082010000408560574 | | | |
| Issue PVI: | | | $5.49 |
| NAPERVILLE IL 60566 Zone-1 First-Class | | | $0.59 |
| Letter 1.50 oz. | | | |
| Return Rcpt (Green Card) | | | $2.20 |
| Certified | | | $2.70 |
| Label #: 70082910000408560681 | | | |
| Issue PVI: | | | $5.49 |

Attachment 3
Attachment 4

Total: $16.30

Paid by:
Visa
Account #: XXXXXXXXXXXX6237
Approval #: 800302
Transaction #: 729

$16.30

---

Exhibit M pg 31

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clerk of the Circuit Court
18th Judicial Circuit Court
505 N. County Farm Rd.
Wheaton, IL 60187-0707

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X DEBBIE LUBINOUSKI ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
2-11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7006 2610 0000 4085 6074

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

WHEATON IL 60187

| | | |
|---|---|---|
| Postage | $ | $0.59 |
| Certified Fee | | $2.70 |
| Return Receipt Fee (Endorsement Required) | | $2.20 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.49 |

Postmark Here
FEB 10 2009
02/10/2009
60559

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7006 2610 0000 4085 6074

PS Form 3800, August 2006   See Reverse for Instructions

April 3, 2009

Christine M. Mouser
5604 Clarendon Hills Rd
Clarendon Hills, IL 60514

Louis S. Freedman
Arrow Financial Services, LLC
5996 West Touhy Ave
Niles, IL 60714

VIA CERTIFIED MAIL

Dear Louis S. Freedman,

In response to your communication dated March 30, 2009 (attached), at no time did you present to me a "responsible document" for inspection. Therefore I never had the opportunity to indicate that a signature on any such document was or was not mine.

As of today 04/02/09, neither you nor your client has shown me proof that I owe a debt to Arrow Financial Services.

On March 15, 2009 I completed an Aggravated Financial Identity Theft Report with the DuPage County Sheriff (attached), because I am a disabled person as defined in Section 16-1.3 of this code.

Before deciding how I will proceed, please provide me with proof that I owe a debt to Arrow Financial Services. Please also send me a copy of the "responsible document" you referred to in paragraph one of your attached communication, and a copy of the communication you also refer to as being mine wherein I indicated that an attached signature was not mine.

In accordance with the Fair Debt Collection Practices Act, Section 809(b): Validating Debts, I again respectfully request that you provide me with the following information:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a verification or copy of any judgment (if applicable);
(4) Proof that you are licensed to collect debts in the State of Illinois.

I have informed Judge Abraham that you are pursuing a judgment against me without validating this debt and I requested of him that the case be dismissed based on your failure to comply with the FDCPA.

If you do not own this debt, I again request that you immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute with this debt.

Please contact me directly at 708-372-0669 if you would like to make arrangements to meet with me in person or to communicate via telephone to discuss this matter further.

_04/03/09_

Christine M. Mouser

Exhibit N pg 1

# FREEDMAN ANSELMO LINDBERG & RAPPE LLC

1807 WEST DIEHL ROAD SUITE 333 P.O. BOX 3228
NAPERVILLE, ILLINOIS 60566-7228
TOLL FREE (877) 729-6734 FAX (630) 983-1487

**Louis S. Freedman**

PLEASE REFER TO FILE NO.:
**07102377**

March 30, 2009

CHRISTINE MOUSER
5604 CLARENDON HILLS RD
CLARENDON HILLS IL 60514-1536

RE: ARROW FINANCIAL SERVICES LLC

Dear Sir or Madam:

As you know, this office represents the interests of the captioned creditor as their debt collector. Pursuant to your recent communication with our office wherein you indicated that the signature on the responsible document was not yours, I enclose an Affidavit of Fraud which we ask that you complete, execute and have notarized, and return to our office so that we may review the allegations of fraud with our client. In further support, I ask that you supply us with the following additional documentation:

1. Copy of Current Driver's License or State ID
2. Other document(s) containing your official signature.
3. Copy of an official valid report filed with a Federal, State, or local enforcement agency, which subjects you to criminal penalties for making a false report.

After review of all of these documents, my client will make a determination as how to proceed and we will contact you with the results accordingly. FAILURE TO SUPPLY THE OFFICIAL REPORT AND TO NOTARIZE THE AFFIDAVIT WILL DELAY ANY DECISION OF FRAUD AND MAY CAUSE A REJECTION OF YOUR CLAIM.

Please contact this office if you have any questions or need assistance or wish to further discuss this matter.

Very truly yours,
FREEDMAN ANSELMO LINDBERG & RAPPE LLC

Louis S. Freedman
CY/D045D1-1
Enclosure

Exhibit N pg 2



# DuPage County Sheriff
# Financial Identity Theft
# Victim Information

| DEPUTY'S NAME/NUMBER | POLICE REPORT NUMBER | DATE/TIME |
|---|---|---|
| 195 | 09-8536 | 03-15-09 |

**Financial Identity Theft:** A person knowingly uses the victim's identifying information or personal identification document to fraudulently obtain credit, money, goods, services, or other property in the victim's name.

**Aggravated Financial Identity Theft:** A violation of financial identity theft and the victim is a person 60 years of age or older or a disabled person as defined in Section 16-1.3 of this code.

**Personal Identification Document:** birth certificate, driver's license, State ID card, a public, government, or private employment identification card, social security card, credit card, ETC.

**Personal Identifying Information:** a person's name, address, telephone number, driver's license numbers, State ID numbers, social security number, public, private, or government employer, place of employment, or employment identification number, mother's maiden name, depository, savings, or brokerage account numbers, credit or debit card numbers, or similar cards whether issued by a financial institution, corporation, or business entity, personal identification numbers, electronic identification numbers, digital signals, ETC.

**A.** Cancel credit, debit or charge card & request new cards, account numbers & PINs.

**B.** Call the Federal Trade Commission (1-877-IDTHEFT) for assistance with credit problems.

**C.** Contact the fraud departments of the three major credit-reporting agencies: [Equifax (1-800-525-6285), Experian (1-888-397-3742), TransUnion (1-800-680-7289)], and ask them to put a fraud alert on the account and add a victim's statement requesting creditors to contact the victim before opening new accounts in his or her name.

Exhibit N pg 3